UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

KENNETH GORDON, Individually and on      :   Civil Action No. 1:19-cv-01108-FB-LB
Behalf of All Others Similarly Situated,        :
                                                :   CLASS ACTION
                      Plaintiff,                :
                                                :   Hon. Frederic Block
        vs.                                     :
                                                :   PLAINTIFF'S SUPPLEMENTAL
VANDA PHARMACEUTICALS, INC.,                     :   MEMORANDUM OF LAW IN FURTHER
MIHAEL H. POLYMEROPOULOS, JAMES                 :   OPPOSITION TO DEFENDANTS' MOTION
P. KELLY, GIAN PIERO REVERBERI, and             :   TO DISMISS THE AMENDED
THOMAS E. GIBBS,                                :   COMPLAINT
                                                :
                      Defendants.               :
                                                :
                                                :
———————————————————— x

## I.    INTRODUCTION

Lead Plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiff") respectfully submits this supplemental memorandum of law in further opposition to Defendants' motion to dismiss the Amended Complaint.[1]  This brief is limited to addressing two arguments raised for the first time in Defendants' reply brief, each of which lack merit.  *See, e.g.*, *Anghel v. N.Y.S. Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013) (permitting sur-reply where "Defendants raise at least one new argument [on] reply").

Specifically, Defendants newly argue as follows: (i) Defendants rely upon the dismissal without prejudice of the Qui Tam Litigation (*Gardner v. Vanda Pharms. Inc.*, 2020 WL 2542121 (D.D.C. May 19, 2020)) to incorrectly argue that there is no falsity for the Fanapt and Hetlioz statements and omissions (Def. Rep. Mem. at 1, 5, 12); and (ii) in arguing against scienter, Defendants inaccurately cite the Second Circuit's affirmance of the dismissal of *Jackson v. Abernathy*, --- F.3d ---, 2020 WL 2755690 (2d Cir. May 27, 2020), which only dismissed corporate scienter claims and did not address executive scienter.  Def. Rep. Mem. at 1, 3, 5, 9-10.

Notwithstanding the limited focus of this sur-reply, Plaintiff strongly disputes the remaining arguments made in Defendants' reply brief, especially those based upon the seven new exhibits submitted by Defendants.  *See* Def. Rep. Mem. at 4, 6, 13-15, 19.[2]

---

[1] "¶_" refers to paragraphs in the Amended Complaint.  "Def. Rep. Mem." refers to Defendants' reply memorandum of law, dated June 9, 2020.  ECF No. 48-43.  "Pl. Opp." refers to Plaintiff's opposition memorandum of law, dated May 7, 2020.  ECF No. 48-31.  Unless otherwise noted, all emphasis in quotations is added, all internal citations and quotation marks are omitted, and all capitalized terms not otherwise defined have the meanings ascribed to them in Plaintiff's opposition brief.

[2] The seven exhibits to the Reply Declaration of Brad D. Feldman, dated June 9, 2020 (ECF Nos. 48-44 to 48-51), should be stricken because Defendants had access to these documents when they moved to dismiss on March 23, 2020, meaning they have been improperly submitted.  *See, e.g.*, *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion[.]").  As a concession for Defendants consenting to the filing of Plaintiff's supplemental brief, Plaintiff agreed with Defendants' request that Plaintiff would not address the substance of the arguments based on these reply exhibits in this brief.

## II.    ARGUMENT

### A.    The Dismissal Without Prejudice of the Qui Tam Litigation Has No Bearing on the Falsity of the Challenged Fanapt and Hetlioz Statements

In arguing that *Gardner* undermines falsity for Defendants' Fanapt and Hetlioz statements, Defendants proclaim that the Qui Tam Litigation's allegations "do not establish that Vanda defrauded federal or state governments[.]" Def. Rep. Mem. at 1, 5, 12.  But Defendants improperly conflate the alleged FCA violations that were dismissed in *Gardner* with Defendants' alleged violations of the Federal Food, Drug, and Cosmetic Act ("FD&C Act") and related FDA regulations that underlie Plaintiff's securities fraud allegations of false and misleading statements and omissions about the illegal marketing of Fanapt and Hetlioz off-label.  ¶¶49-58.  Whether state or federal governments were defrauded is beside the point because this securities fraud action turns on Defendants' fraudulent statements to ***investors*** for failing to disclose the illegal off-label marketing schemes while touting the purportedly legitimate – *i.e.*, FD&C Act and FDA compliant – marketing of Fanapt and Hetlioz.  Pl. Opp. at 14-23, 33-34.  Indeed, *Gardner* recognizes that the FCA does not regulate off-label marketing.  2020 WL 2542121, at \*6-\*7 (explaining that the FD&C Act and FDA regulations govern off-label marketing and the FD&C Act "imposes criminal penalties"); ¶¶53-54.

Defendants also neglect to explain why *Gardner* was dismissed.  It was ***not*** because Gardner's and Bourgeois' off-label marketing allegations were found deficient.  2020 WL 2542121, at \*1-\*4.  To the contrary, *Gardner* was dismissed, without prejudice,[3] because the element of materiality under the FCA – *i.e.*, whether the off-label marketing was material to the government's payment decisions for Fanapt and Hetlioz – was not met.  *Id.* at \*8-\*11.  Here, Fanapt and Hetlioz – Vanda's only sources of revenue – were highly material to investors.  Pl. Opp. at 18, 21.  Thus, *Gardner* provides Defendants with no support for contesting falsity.

---

[3]  Following the dismissal opinion in the Qui Tam Litigation, an amended complaint was filed on June 9, 2020, and the case continues to be actively litigated.  *Gardner v. Vanda Pharms., Inc.*, 1:17-cv-00464-APM (D.D.C.) (ECF No. 47).

**B.**    *Jackson* **is Irrelevant to Assessing Defendants' Scienter**

As a last ditch effort to avoid scienter liability, Defendants repeatedly cite *Jackson*. Noticeably absent, however, is any discussion by Defendants about the context of that decision, and for good reason – *Jackson* only dealt with whether "a handful of employees" could impute corporate scienter where no individual executive who acted with scienter was named as a defendant. 2020 WL 2755690, at *1, *3. The crux of *Jackson* is that "general allegations of warnings" by employees – in *Jackson*, it was those employees who learned of problems with surgical gowns during their good-faith investigation into testing failures for those gowns, one of the hundreds of products sold by Kimberly-Clark – were communicated only "to unidentified senior executives." *Id.* at *2-*3.

Unsurprisingly, the Second Circuit found that such speculative allegations fell short of adequately alleging corporate scienter, but nonetheless acknowledged that "particularized allegations that senior officers ignored those employees' warnings could demonstrate that those officers acted fraudulently[.]" 2020 WL 2755690, at *3. What *Jackson* did ***not*** hold is that "aggressive marketing by sales staff does not equate with intent by senior executives" (Def. Rep. Mem. at 1), because *Jackson* did not assess executive scienter or marketing at all. And unlike the "connective tissue" found lacking in *Jackson* (2020 WL 2755690, at *4), Plaintiff alleges, in virtually unprecedented detail for a securities fraud case at the pleadings stage, that each Individual Defendant actively participated in Vanda's scheme to market Fanapt and Hetlioz off-label. Pl. Opp. at 29-36.

Defendants also incorrectly argue that *Jackson* stands for the proposition that scienter for securities fraud cannot be based on any intent to commit a consumer fraud. Def. Rep. Mem. at 3. But *Jackson* merely holds that the three employees who testified in the consumer fraud trial for the surgical gowns were not appropriate candidates for imputing corporate scienter to Kimberly-Clark. 2020 WL 2755690, at *4. Stated differently, *Jackson* does not stand for the sweeping proposition of law advanced by Defendants because it explicitly found that "particularized allegations that senior

- 3 -

officers ignored those employees' warnings" about consumer fraud can suffice as scienter for securities fraud. *Id.* at \*3. Plaintiff provides such allegations. *See supra* 3. And, even if Plaintiff did not, this case is not about "consumer fraud," it is about a company-wide illegal off-label marketing scheme, meaning it is incomparable to *Jackson*. Pl. Opp. at 14-23.

Defendants next attempt to compare the surgical gowns in *Jackson* with Fanapt and Hetlioz, which comprised 100% of Vanda's Class Period revenue (Pl. Opp. at 31), to argue that the core operations doctrine cannot apply. Def. Rep. Mem. at 5. But *Jackson* did not even find that the percentage of revenue generated by the surgical gowns was insufficient for core operations, it simply held that the "naked assertion" of the surgical gowns being a core operation did not suffice. 2020 WL 2755690, at \*4. Here, Defendants' SEC filings detail that Vanda's yearly Class Period revenues came only from Fanapt and Hetlioz (¶¶43-48), facts that cannot reasonably be contested.

Even less compelling is Defendants' argument that *Jackson* precludes imputing corporate scienter from James, Griffin, Ramirez, Holland, Arnold, Gardner and Bourgeois. Def. Rep. Mem. at 9. Again, Defendants ignore that, unlike the employees in *Jackson* who were ***investigating*** problems with the gowns, these Vanda executives and managers ***directly participated*** with Defendants in the illegal off-label marketing of Fanapt and Hetlioz. Pl. Opp. at 30-31.

Finally, after focusing the entirety of their *Jackson* argument on Fanapt and Hetlioz, Defendants cursorily argue that *Jackson* precludes corporate scienter for the tradipitant statements. Def. Rep. Mem. at 10. But *Jackson* does not hold that a corporation's admission of knowledge does not suffice for corporate scienter, especially where, like here, the company makes critical factual admissions in its own legal pleadings against its government regulator. *See* Pl. Opp. at 36-38.

## III. CONCLUSION

For the foregoing reasons, and those articulated in Plaintiff's opposition brief, Plaintiff respectfully requests that Defendants' motion be denied.

- 4 -

DATED:  June 16, 2020                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD
                                         MICHAEL G. CAPECI


                                                    */s/ Michael G. Capeci*
                                         _____
                                              MICHAEL G. CAPECI

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com
                                         drosenfeld@rgrdlaw.com
                                         mcapeci@rgrdlaw.com

                                         *Lead Counsel for Lead Plaintiff*

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I, Michael G. Capeci, hereby certify that on June 16, 2020, I authorized a true and correct copy of the foregoing document to be served on defense counsel via electronic mail.

*/s/ Michael G. Capeci*
MICHAEL G. CAPECI