**Robbins Geller Rudman & Dowd** LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Michael G. Capeci
mcapeci@rgrdlaw.com

August 4, 2020

<u>**VIA ECF AND OVERNIGHT DELIVERY**</u>

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Gordon v. Vanda Pharmaceuticals Inc. et al.*,
    <u>Case No.: 1:19-cv-01108-FB-LB  </u>

Dear Judge Block:

  On behalf of Lead Plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiff") in the above-captioned matter, we write to alert the Court to a recent decision from the Second Circuit, *Setzer v. Omega Healthcare Investors, Inc.*, --- F.3d ---, 2020 WL 4431902 (2d Cir. Aug. 3, 2020) ("*Setzer*"),[1] which further supports denial of Defendants' pending motion to dismiss.[2]

  *Setzer* is a Section 10(b) case that centers on the alleged failure of Omega Healthcare Investors, Inc. ("Omega") – which owns property and leases it to healthcare facilities – and its top executives to disclose a $15 million loan Omega made to Orianna Health Systems ("Orianna"), one of its customers. 2020 WL 4431902, at *1. Orianna represented 7% of Omega's investment portfolio and was a significant source of Omega's income. *Id.* at *8. The district court found that the failure to disclose this loan was material because Orianna was experiencing financial difficulties and needed the borrowed money to help pay rent it owed Omega. *Id.* at *2, *5. Nonetheless, the district court dismissed the claim on scienter grounds. *Id.*

  The Second Circuit reversed, finding first that Omega and its executives had a duty to disclose the loan because "without disclosing the existence of the Loan, Defendants' statements regarding Orianna's rent payments gave a false impression of the financial health of one of Omega's largest assets." *Id.* at *7. *Setzer* also found that scienter was adequately alleged because "Omega had to know that revealing the full extent of Orianna's performance problems would have been troubling news to its investors." *Id.* at *8. In support of this finding, *Setzer* relied upon

---

[1] Attached hereto as Exhibit A.

[2] All capitalized terms have the same meanings as ascribed to them in Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss the AC. ECF No. 48-31 ("Pl. Opp.").

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Frederic Block

August 4, 2020
Page 2

allegations that "Orianna's performance plainly impacted Omega's overall financial health[,]" "Orianna represented seven percent of Omega's investment portfolio[,]" "[Orianna] was a significant source of income through rental payments[,]" and "multiple analysts homed in on Orianna's rental payments being key to Omega's prospects." *Id.*

The scienter allegations in *Setzer* were found to be adequate despite not including factual allegations from former employees (like Gardner and Bourgeois) or corporate admissions (like those made in the FDA Litigation). 2020 WL 4431902, at *8-*9. As detailed below, the AC – which contains far more particularized allegations of falsity and scienter than in *Setzer* – adequately alleges falsity and scienter for Defendants' omissions relating to Fanapt, Hetlioz, and tradipitant.

**Fanapt and Hetlioz**

The AC adequately alleges numerous actionable omissions that presented an incomplete and misleading picture of the marketing that Defendants used to promote Fanapt and Hetlioz – which together constituted **all** of Vanda's Class Period revenues. Pl. Opp. at 4, 15-22. Among other things, the AC adequately alleges that Defendants failed to disclose that: (i) Fanapt was being marketed to adolescents when discussing potential pediatric applications of the drug (*id.* at 16); and (ii) that Hetlioz was being marketed to individuals without Non-24 when discussing Vanda's efforts to market the drug to sighted individuals. *Id.* at 21-22. As in *Setzer*, each of these omissions are actionable because they "gave a false impression of the financial health of one of [Vanda's] largest assets." 2020 WL 4431902, at *7.

The AC also adequately alleges scienter for these omissions by meticulously detailing the efforts made by the Individual Defendants to train Vanda's sales force to market Fanapt and Hetlioz off-label. Pl. Opp. at 29-36. Many of these allegations were sourced from Gardner and Bourgeois, who were hired to oversee 40% of the Fanapt 50 and were personally trained to engage in off-label marketing by the Individual Defendants. *Id.* at 29. Relying on much less specific allegations of recklessness, *Setzer* found scienter based on the commonsense inference that a company and its executives should know about material events relating to significant sources of revenue. 2020 WL 4431902, at *8. This aptly describes the off-label marketing schemes for Fanapt and Hetlioz.

**Tradipitant**

*Setzer* applies with even greater force to Defendants' omissions relating to tradipitant. Vanda admits that, as of May 2018, it was unwilling to conduct a required safety study that was necessary for the drug to advance to the next stage of clinical trials when discussing Study 2301 with investors. Pl. Opp. at 23. As in *Setzer*, these omissions concealed the existence of a material problem with a key asset. 2020 WL 4431902, at *7. Likewise, *Setzer* supports a finding of scienter for the tradipitant omissions because, like Omega's loan to Orianna, Vanda knew that tradipitant could not proceed without the required safety study being conducted. Pl. Opp. at 36-38.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Frederic Block

August 4, 2020
Page 3

 We appreciate the Court's continued attention to this matter and are available to answer any questions it may have.

Respectfully submitted,

*/s/ Michael G. Capeci*

Michael G. Capeci

MGC/paf

cc: Counsel of record (via ECF)