**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENNETH GORDON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VANDA PHARMACEUTICALS INC. and MIHAEL H. POLYMEROPOULOS, <br><br><br> Defendants. | Case No. 1:19-cv-01108-FB-LB |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

In responding to the allegations in the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), Defendants (i) incorporate into each response a denial of any allegations in the Amended Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Amended Complaint. Defendants, by and through their undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, respond to the specific allegations in the Amended Complaint as follows.

1.      Paragraph 1 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

2.      Defendants deny the allegations in paragraph 2, except admit that: Vanda is a biopharmaceutical company; Vanda markets and sells Fanapt®, which is FDA-approved to treat

schizophrenia in adults; Vanda markets and sells Hetlioz®, which is FDA-approved to treat Non-24, a rare circadian rhythm disorder; and during the putative class period, Vanda derived all of its revenue from sales of Fanapt® and Hetlioz®.

3.    Defendants deny the allegations in paragraph 3.

4.    Defendants deny the allegations in paragraph 4.

5.    Defendants deny the allegations in paragraph 5, except admit that Vanda's sales representatives promoted Hetlioz® to psychiatrists, among other responsibilities.

6.    Defendants deny the allegations in paragraph 6.

7.    Defendants deny the allegations in paragraph 7, except admit that the FDA issued a partial clinical hold in December 2018 for certain tradipitant studies.

8.    Defendants deny the allegations in paragraph 8.

9.    Defendants deny the allegations in paragraph 9, except admit that Vanda issued a press release at 5:05pm on February 5, 2019 announcing the filing of *Vanda Pharmaceuticals* v. *FDA*, 1:19-cv-00301-JDB (D.D.C.) (the "FDA Action").

10.   Paragraph 10 states a legal conclusion to which Defendants need not respond.

11.   Paragraph 11 states a legal conclusion to which Defendants need not respond.

12.   Paragraph 12 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

13.   Paragraph 13 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

14.   Paragraph 14 states a legal conclusion to which Defendants need not respond; to the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, except that Defendants admit that

Plaintiff filed a certification (ECF No. 9-2) stating that Plaintiff purchased Vanda common stock during the class period.

15.    Defendants admit the allegations in the first and second sentences of paragraph 15.  Concerning the allegations in the third sentence, Defendants admit that Vanda filed a Form 10-Q with the SEC on November 7, 2018 for the period ended September 30, 2018 ("3Q18 Form 10-Q"), and refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

16.    Defendants admit the allegations in the first, second, and fifth sentences of paragraph 16.  Concerning the allegations in the fourth sentence, Defendants admit that Vanda filed a Form DEF14A with the SEC on April 27, 2018 ("April 27, 2018 Form DEF14A"), and otherwise refer to the entirety of the April 27, 2018 Form DEF14A for a complete statement of its contents.  Concerning the allegations in the sixth sentence, Defendants admit that Dr. Polymeropoulos spoke at investor conferences during the putative class period.  Defendants otherwise deny the allegations in paragraph 16, and refer to Vanda's corporate website ("vandapharma.com") for a complete statement of its contents

17.    Defendants admit the allegations in the fifth sentence of paragraph 17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence.   Concerning the allegations in the fourth sentence, Defendants admit that Vanda filed the April 27, 2018 Form DEF14A, and otherwise refer to the document in its entirety for a complete statement of its contents.  Concerning the allegations in the sixth sentence, Defendants admit that Mr. Kelly spoke at investor conferences during the putative class period.  Defendants otherwise deny the allegations in paragraph 17, and refer to Vanda's corporate website ("vandapharma.com") for a complete statement of its contents.

18.     Defendants admit the allegations in the second sentence of paragraph 18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third and sixth sentences.  Concerning the allegations in the fifth sentence, defendants admit that Vanda filed the April 27, 2018 Form DEF14A, and otherwise refer to the document in its entirety for a complete statement of its contents.  Concerning the allegations in the sixth sentence, Defendants admit that Mr. Reverberi spoke at investor conferences during the putative class period.  Defendants otherwise deny the allegations in paragraph 18, and refer to Vanda's corporate website ("vandapharma.com") for a complete statement of its contents.

19.     Defendants admit the allegations in the first, second, and seventh sentences of paragraph 19.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence.  Concerning the allegations in the fourth sentence, Defendants admit that Vanda filed a Form DEF14A with the SEC on April 29, 2015 ("April 29, 2015 Form DEF14A"), and otherwise refer to the entirety of the April 28, 2018 Form DEF14A for a complete statement of its contents.  Concerning the allegations in the fifth and sixth sentences, Defendants admit that Vanda filed a Form 8-K with the SEC on December 21, 2015 (the "December 21, 2015 Form 8-K"), which contains the quoted language, and otherwise refer to the December 21, 2015 Form 8-K for a complete statement of its contents.  Defendants otherwise deny the allegations in paragraph 19.

20.     Paragraph 20 creates a defined term to which Defendants need not respond.

21.     Paragraph 21 creates a defined term to which Defendants need not respond.

22.     Defendants deny the allegations in paragraph 22.

23.     Paragraph 23 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

24. Paragraph 24 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda's common stock is registered with the SEC pursuant to the Exchange Act and traded on NASDAQ.

25. Paragraph 25 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

26. Paragraph 26 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

27. Paragraph 27 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

28. The first sentence of paragraph 28 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except that Defendants admit that a former employee of Vanda has filed a qui tam action, captioned *U.S. ex rel. Gardner* v. *Vanda Pharmaceuticals*, No. 1:17-cv-00464 (APM) (D.D.C.) (the "Qui Tam Action"), which purports to include assertions from a second former Vanda employee.  Concerning the allegations in the second and third sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise to the extent a response is required, Defendants deny the allegations.

29. Defendants admit the allegations in first sentence of paragraph 29.  Concerning the allegations in the second and third sentences, Defendants admit that Gardner worked for Vanda as a Regional Business Leader ("RBL") overseeing approximately 8 sales representatives in the mid-west region. Concerning the allegations in the fourth sentence, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations about Gardner's belief, and otherwise deny the allegations.

30. Defendants admit the allegations in paragraph 30, except deny that the Qui Tam Action asserts claims pursuant to statutes of twenty-five states and deny any suggestion that these claims are substantiated by law or fact.

31. Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 31, but otherwise deny the allegations, except that Defendants admit that: Vanda engaged 50 sales representatives to promote Fanapt® who were independent contractors hired through Publicis Touchpoint Solutions; there were approximately six RBLs during the putative class period, including Gardner and Bourgeois; RBLs reported to Vanda's National Sales Director, who was David James from November 2015 until July 2016; Vanda's National Sales Director reported to Vanda's Chief Commercial Officer ("CCO"); Vanda's CCO reported to Dr. Polymeropoulos; and Mr. Gibbs served as Vanda's CCO, followed by Mr. Reverberi.

32. Defendants admit the allegations in the first sentence of paragraph 32. Concerning the allegations in the second and third sentences, Defendants admit that Bourgeois worked for Vanda as an RBL overseeing approximately eight sales representatives in the south-central region from November 2015 to June 2018, and otherwise deny the allegations. Concerning the allegations in the fourth sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Bourgeois's belief, and otherwise deny the allegations.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants admit the allegations in the first, second, and third sentences of paragraph 35. Concerning the allegations in the fourth sentence, Defendants admit that Fanapt® is approved to treat adults with schizophrenia, and refer to the FDA label for Fanapt® for a true statement of its contents.

36.     Defendants admit the allegations in the first and second sentences of paragraph 36. Concerning the allegations in the third sentence, Defendants admit that Non-24 is a rare circadian rhythm disorder resulting from the misalignment of the endogenous master body clock to the 24-hour day, disrupting the sleep-wake cycle, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit the allegations in paragraph 38, except deny the characterization of other pharmaceutical and biotechnology companies as "more established."

39.     Defendants admit the allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants admit the allegations in paragraph 41, except deny the characterization that tradipitant, trichostatin A, and AQW051 were undergoing clinical trial testing in November 2015, and instead were in clinical development.

42.     Defendants admit the allegations in paragraph 42.

43.     Defendants admit the allegations in paragraph 43, and admit that Vanda filed a Form 10-K with the SEC on February 12, 2016 (the "2015 Form 10-K"), which contains the quoted language in paragraph 43, and otherwise refer to the entirety of the 2015 Form 10-K for a complete statement of its contents.

44.     Defendants admit the allegations in paragraph 44.

45.     Defendants admit the allegations in paragraph 45.

46.     Defendants admit the allegations in paragraph 46.

47.     Defendants admit the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48, except admit that during the putative class period Vanda marketed Fanapt® and Hetlioz® and that Vanda was dependent on the commercial success of Fanapt® and Hetlioz®.

49.     Paragraph 49 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

50.     Paragraph 50 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegation, except that Defendants admit that Fanapt® is FDA approved for the treatment of schizophrenia in adults and admit that Hetlioz® is approved for the treatment of Non-24.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except admit that to Vanda's knowledge physicians can and do prescribe drugs for off-label uses.

53.     Paragraph 53 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda's drugs are regulated under the Federal Food, Drug, and Cosmetic Act and related

regulations, and otherwise refer to the cited laws in their entirety for a complete statement of their contents.

54.    Paragraph 54 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, and otherwise refer to the cited laws in their entirety for a complete statement of their contents.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and otherwise refer to the FDA guidance in its entirety for a complete statement of its contents.

56.    Paragraph 56 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.    Paragraph 58 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

59.    Defendants admit the allegations in paragraph 59 that Vanda entered into a sublicense agreement with Novartis in June 2004 for Vanda to commercialize and develop Fanapt®, and otherwise deny the allegations.

60.    Defendants admit that Vanda filed a Form 424B4 prospectus with the SEC on April 13, 2006 (the "2006 Prospectus"), which contains the quoted language in paragraph 60, without bolding or italics, and otherwise refer to the entirety of the 2006 Prospectus for a complete statement of its contents.  Defendants otherwise deny the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants admit the allegations in paragraph 64 that Vanda submitted a New Drug Application ("NDA") for Fanapt® to treat schizophrenia in September 2007, and admit that Vanda filed a Form  10-Q with the SEC on May 11, 2009 (the "1Q09 Form 10-Q"), and otherwise refer to the entirety of the 1Q09 Form 10-Q for a complete statement of its contents. Defendants otherwise deny the allegations in paragraph 64.

65.     Defendants admit the allegations in the first sentence of paragraph 65 that Fanapt® has been FDA approved to treat schizophrenia in adults since May 2009.  Concerning the allegations in the second sentence, Defendants deny that the quoted language appears on the FDA label for Fanapt®, and otherwise refer to the label for a complete statement of its contents.

66.     Defendants admit the allegations in the first sentence of paragraph 66 that Fanapt®'s FDA label indication and usage instructions advise prescribers to consider the use of other drugs first, and admit that on June 9, 2016 Dr. Polymeropoulos participated in a conference (the "6/9/16 Jefferies Conference") and that on March 21, 2017, Dr. Polymeropoulos participated in a conference (the "3/21/17 Oppenheimer Conference"), and otherwise refer to the transcripts of the 6/9/16 Jefferies Conference and 3/21/17 Oppenheimer Conference, and the FDA Label for Fanapt® for a complete statement of their contents.  Defendants otherwise deny the allegations in paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, except that Defendants admit that Fanapt®'s FDA label includes a black box warning and states that prescribers should consider the use of other drugs first, and to which label Defendants refer in its entirety for a complete statement of its contents; otherwise, to the extent a response is required, Defendants deny the allegations.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 68.  Concerning the allegations in the third sentence, Defendants admit that Fanapt®'s FDA label includes a black box warning, and otherwise refer to Fanapt®'s FDA label for a complete statement of its contents.

69.     Defendants admit that Fanapt®'s FDA label contains the quoted language in the first sentence of paragraph 69, and otherwise refer to the entirety of Fanapt®'s FDA label for a complete statement of its contents.  Defendants deny the allegations in the second, third, and fourth sentences of paragraph 69.

70.     Defendants admit the allegations in paragraph 70.

71.     Defendants admit the allegations in paragraph 71.

72.     Defendants admit the allegations in paragraph 72.

73.     Defendants admit that Fanapt® has been an FDA approved drug since May 2009 and that Vanda first sold Fanapt® during the first fiscal quarter of 2015, and otherwise deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants admit that Vanda had only 12 sales representatives covering Fanapt® when it began marketing and selling the drug in the first fiscal quarter of 2015, and that these 12 sales representatives were sometimes referred to as the "Fanapt 12," and otherwise deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76, except that Defendants admit that in early 2015 the Fanapt 12 sold to psychiatrists in the northeast and St. Louis.

77.     Defendants deny the allegations in paragraph 77, except that Defendants admit that Vanda announced the decision to expand the sales force for Fanapt® in November 2015 to increase the Company's footprint throughout the United States.

78.     Defendants admit the allegations in the first sentence of paragraph 78. Concerning the allegations in the second sentence, Defendants admit that Vanda had 50 sales representatives and six RBLs covering Fanapt® by late fourth quarter 2015, that these 50 sales representatives were sometimes referred to as the "Fanapt 50," and that Gardner and Bourgeois were employed by Vanda, and otherwise deny the allegations.

79.     Defendants admit the allegations in paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, except that Defendants admit that Paul Ramirez is an attorney, and that Mr. Ramirez served as a consultant to Vanda from October 2010 through at least June 2018.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except that Defendants admit that Mr. Ramirez was a consultant who performed work for Vanda, and otherwise deny the allegations.

82.     Defendants admit the allegations in paragraph 82 that Dr. Polymeropoulos, the Fanapt 50, and the RBLs attended at least some portion of a five-day national Fanapt® launch meeting from November 30, 2015 to December 4, 2015 (the "November 2015 Meeting"), and otherwise deny the allegations.

83.     Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 83, and that Dr. Polymeropoulos and Messrs. Kelly, Gibbs, Reverberi, James, and Ramirez attended at least some portions of the November 2015 Meeting,

but otherwise lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations.

84.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 84, but lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations, except that Defendants admit that Dr. Polymeropulos and Messrs. Kelly, Gibbs, and Reverberi were at some times members of Vanda's management, and admit that Messrs. James and Griffin were employees of Vanda.

85.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 85, and that sales training was conducted at some portions of the November 2015 Meeting, but otherwise deny the underlying allegations.

86.    Defendants deny the allegations in paragraph 86.

87.    Defendants deny the allegations in paragraph 87.

88.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 88, but deny the underlying allegations.

89.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 89, but deny the underlying allegations

90.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 90, but deny the underlying allegations, and refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents.

91.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 91, but lack knowledge or information sufficient to form a

belief as to the truth of Gardner's recollections, and refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents, and otherwise deny the allegations.

92.     Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in the first and second sentences of paragraph 92, but deny the underlying allegations.  Concerning the allegations in the third sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Gardner's and Bourgeois's feelings.

93.     Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in the second sentence of paragraph 93, but lack knowledge or information sufficient to form a belief as to the truth of the allegations about Gardner's recollections, and otherwise deny the allegations.

94.     Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 94, but lack knowledge or information sufficient to form a belief as to the truth of the allegations about Gardner's recollections, and otherwise deny the allegations.

95.     Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 95, but lack knowledge or information sufficient to form a belief as to the truth of Gardner's recollections, and otherwise deny the allegations.

96.     Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 96, but deny the underlying allegations, except that Defendants admit that Fanapt® has a relatively low incidence of akathisia.

97.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 97, but deny the underlying allegations, and refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents.

98.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 98, but deny the underlying allegations, except that Defendants admit that Fanapt® has a reduced risk of akathisia compared to other antipsychotics.

99.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 99, but deny the underlying allegations, and refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents.

100.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 100, but deny the underlying allegations.

101.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 101, but deny the underlying allegations.

102.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 102, but deny the underlying allegations, except that Defendants admit that Kate Holland was employed as Vanda's Vice President of Marketing from May 2012 to January 2016.

103.    Defendants admit that Gardner has filed a qui tam action, which makes the allegations described in paragraph 103, but deny the underlying allegations, except admit that Kate Holland left employment at Vanda in January 2016.

104.    Defendants admit that Mr. Gibbs began working at Vanda in April 2015, and departed the Company in January 2016, and admit that Vanda filed the December 21, 2015 Form 8-K, and refer to the December 21, 2015 Form 8-K for a complete statement of its contents, and otherwise deny the allegations in paragraph 104.

105.    Defendants admit the allegation in paragraph 105 that Mr. Reverberi was appointed Acting CCO following the departure of Mr. Gibbs in December 2015, and that Vanda filed the December 21, 2015 Form 8-K, and refer to the December 21, 2015 Form 8-K for a complete statement of its contents.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described paragraph 107, but deny the underlying allegations.

108.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 108, but deny the underlying allegations.

109.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 109, but deny the underlying allegations.

110.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 110, but

deny the underlying allegations, except that Defendants admit that Kate Arnold has served as Vanda's Head of Compliance from February 2017 to the present, and that Tom Griffin has served as Vanda's Vice President of Sales from January 2017 to the present.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 about Bourgeois's recollections, except that Defendants admit that Mr. James departed Vanda in July 2016 and was replaced by Mr. Griffin in 2017, and that both reported to Mr. Reverberi.

112.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 112, but deny the underlying allegations.

113.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 113, but deny the underlying allegations, except that Defendants admit that Brandy Barrington was employed at Vanda from January 2017 to June 2018.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 115, but deny the underlying allegations.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 116.  Concerning the allegations in the second and third sentences, Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described, but lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations, and deny that Vanda engaged in off-label marketing.

117.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 117, but lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations with respect to the RBL's purported concerns and deny that Vanda engaged in off-label marketing.

118.   Defendants admit that Gardener has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in the second, third, and fourth sentences of paragraph 118, but deny the underlying allegations in paragraph 118.

119.   Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 119, but deny the underlying allegations.

120.   Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in the second and third sentences of paragraph 120, and otherwise deny the allegations.

121.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 121, but deny the underlying allegations.

122.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 122, but deny the underlying allegations.

123.   Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations and contains the chart described in paragraph 123, but deny the underlying allegations.

124.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 124, but deny the underlying allegations.

125.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations and contains the chart described in paragraph 125, but deny the underlying allegations.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations and contains the chart described in paragraph 127, but deny the underlying allegations.

128.    Paragraph 128 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

129.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 129, but deny the underlying allegations.

130.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 130, but deny the underlying allegations.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 about Bourgeois's recollection, and otherwise deny the allegations.

132. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 132, but deny the underlying allegations, and refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents.

133. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 133, but deny the underlying allegations.

134. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 134, but lack knowledge or information sufficient to form a belief as to the content of Gardner's purported contemporaneous notes, and otherwise deny the allegations.

135. Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 135, but deny the underlying allegations.

136. Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 136, but deny the underlying allegations.

137. Defendants deny the allegations in paragraph 137.

138. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 138, lack knowledge or information sufficient to form a belief as to the truth of Gardner's underlying beliefs, and otherwise deny the allegations.

139. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 139, but deny the underlying allegations.

140. Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 140, but deny the underlying allegations.

141.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 141, lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations about Gardner's recollections, refer to the entirety of the Fanapt® Sales Aide for a complete statement of its contents, and otherwise deny the allegations.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants admit the allegations in paragraph 144.

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 145, except that Defendants admit that the FDA's Summary Review of the Hetlioz® NDA contains the quoted language in paragraph 145, and otherwise refer to the entirety of the FDA's Summary Review of the Hetlioz® NDA for a complete statement of its contents.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.    Defendants admit that Vanda filed an investor presentation on Form 8-K with the SEC on March 9, 2010 (the "March 9, 2010 Form 8-K"), which contains the quoted language in paragraph 149, without italics, and refer to the entirety of the March 9, 2010 Form 8-K for a complete statement of its contents, and otherwise deny the allegations in paragraph 149.

150.    Defendants admit the allegations in paragraph 150, and refer to the FDA label for Hetlioz® in its entirety for a complete statement of its contents.

151.    Defendants admit that Vanda filed a Form 8-K with the SEC on January 12, 2012 (the "January 12, 2012 Form 8-K"), which contains the quoted language in paragraph 151, without bolding, italics, or a section break, and otherwise refer to the entirety of the January 12, 2012 Form 8-K for a complete statement of its contents.

152.    Defendants admit that Vanda filed a press release on Form 8-K with the SEC on November 15, 2013 (the "November 15, 2013 Form 8-K"), which contains the quoted language in paragraph 152, and otherwise refer to the entirety of the November 15, 2013 Form 8-K for a complete statement of its contents.

153.    Defendants admit that Vanda filed the "November 15, 2013 Form 8-K" with the SEC, which contains the quoted language in paragraph 153, and otherwise refer to the entirety of the November 15, 2013 Form 8-K for a complete statement of its contents.

154.    Defendants admit the allegation in paragraph 154.

155.    Defendants admit the allegation in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

157.    Defendants admit that on March 7, 2017 Mr. Kelly participated in the Cowan Health Care Conference (the "3/7/17 Cowan Conference"), the transcript of which contains the quoted language in paragraph 157, without bolding or italics, and otherwise refer to entirety of the transcript of the 3/7/17 Cowan Conference for a complete statement of its contents.

158.    Defendants admit the allegations in paragraph 158 that Hetlioz® received FDA approval in 2014, and otherwise deny the allegations.

159.    Defendants admit the allegations in paragraph 159 that STAT published an article on May 4, 2016 (the "May 4, 2016 STAT Article") reporting that "Vanda's drug, sold as Hetlioz, costs $148,000 a year, 76 percent more than when it was first introduced in 2014," and refer to the entirety of the May 4, 2016 STAT Article for a complete statement of its contents, and otherwise deny the allegations.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 about GoodRX, admit that the price of Hetlioz® has increased periodically over time, and otherwise deny the allegations.

161.    Defendants deny the allegations in paragraph 161.

162.    Defendants deny the allegations in paragraph 162.

163.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 163, but deny the underlying allegations.

164.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 164, but deny the underlying allegations.

165.    Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 165, but deny the underlying allegations.

166.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 166, but deny the underlying allegations.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 relying upon Gardner and Bourgeois, and otherwise deny the allegations.

168.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 relying upon Gardner and Bourgeois, and otherwise deny the allegations.

169.   Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 169, but deny the underlying allegations.

170.   Defendants admit that Gardner has filed a *qui tam* action, which makes the allegations described in paragraph 170, but deny the underlying allegations.

171.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 171, but deny the underlying allegations.

172.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 172, but deny the underlying allegations.

173.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 173, but deny the underlying allegations.

174.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 174, refer to the entirety of the referenced call guidance for a complete statement of its contents, and otherwise deny the allegations.

175.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 based on Bourgeois's recollections, and otherwise deny the allegations.

176.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 based on Bourgeois's recollections, and otherwise deny the allegations.

177.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 177, but deny the underlying allegations.

178.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 178, but deny the underlying allegations, except that Defendants admit that Scott Grontkowski has been employed by Vanda from February 2017 to the present.

179.   Defendants admit that Vanda reported $89.978 million in Hetlioz® product sales in its Form 10-K filed with the SEC on February 15, 2018 (the "2017 Form 10-K"), and refer to the entirety of the 2017 Form 10-K for a complete statements of its contents, and otherwise deny the allegations in paragraph 179.

180.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 180, but deny the underlying allegations, except that Defendants admit that Vanda held its 2018 national sales meeting in Washington D.C. and that Messrs. Griffin, Ramirez, and Reverberi attended.

181.   Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 181, but deny the underlying allegations.

182.    Defendants deny the allegations in paragraph 182, except admit that the Hetlioz® to Psychiatrists Initiative ("HPI") included having Fanapt® sales representatives promote Hetlioz® to psychiatrists.

183.    Defendants admit that Gardner has filed a *qui tam* action, which purports to include assertions from Bourgeois and makes the allegations described in paragraph 183, but deny the underlying allegations, except that Defendants admit that Vanda announced the HPI as beginning in July 2017.

184.    Defendants admit that the Aurelius Report contains the quoted language, without bracketed alterations, refer to the entirety of the report for a complete statement of its contents, and otherwise deny the allegations in paragraph 184.

185.    Defendants deny the allegations, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Aurelius Report was issued during the trading day on February 11, 2019.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants admit that tradipitant was in clinical development between 2015 and 2019, and otherwise deny the allegations of paragraph 187.

188.    Defendants admit that on November 7, 2018 the Company held a conference call (the "11/7/18 Earnings Call"), the transcript of which contains the quoted language in the first sentence of paragraph 188, without bracketed alterations, and otherwise refer to the entirety of the transcript of the 11/7/18 Earnings Call for a complete statement of its contents.  Concerning the allegations in the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

189.    Defendants admit the allegations in paragraph 189.

190.    Defendants admit that on December 3, 2018 the Company held a conference call (the "12/3/18 Special Call"), the transcript of which reflects that Dr. Polymeropoulos stated that "there is a tremendous opportunity for…treatment [of gastroparesis]" and contains the quoted language in paragraph 190, and otherwise refer to the entirety of the transcript of the 12/3/18 Special Call for a complete statement of its contents.

191.    Defendants admit that tradipitant was in clinical development for the treatment of gastroparesis between 2015 and 2019, and otherwise deny the allegations in paragraph 191.

192.    Defendants admit that Vanda spent the majority of its direct project costs for clinical trial drugs on tradipitant in 2017 and 2018, and otherwise deny the allegations in paragraph 192.

193.    Defendants admit the allegations in paragraph 193 that Vanda filed the 2017 Form 10-K, which states that Vanda spent $11.645 million on direct project costs for tradipitant during FY17, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

194.    Defendants admit the allegations in paragraph 194 that Vanda filed a Form 10-Q with the SEC on May 2, 2018 (the "1Q18 Form 10-Q"), which states that Vanda spent $2.277 million on direct projects costs for tradipitant during 1Q FY18, and otherwise refer to the entirety of the 1Q18 Form 10-Q for a complete statement of its contents.

195.    Defendants admit the allegations in paragraph 195 that Vanda filed a Form 10-Q with the SEC on August 2, 2018 (the "2Q18 Form 10-Q"), which states that Vanda spent $4.372 million on direct projects costs for tradipitant during 2Q FY18, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

196.    Defendants admit the allegations in paragraph 196 that Vanda filed a Form 10-Q with the SEC on November 7, 2018 (the "3Q18 Form 10-Q"), which states that Vanda spent $5.113 million on direct projects costs for tradipitant during 3Q FY18, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about investors' principal concern during the entirety of the putative class period, and otherwise deny the allegations in paragraph 197.

198.    Defendants admit the allegations in the first and second sentence of paragraph 198 that Vanda filed an amended complaint (ECF No. 18) (the "FDA Complaint") in the FDA Action on May 29, 2019, which contains the signatures of Vanda's attorneys at Mayer Brown LLP, and refer to the FDA Complaint for a complete statement of its contents.  The allegations in the third sentence purport to characterize a document that speaks for itself, and Defendants deny the allegations, except admit that a partial clinical trial hold was placed on certain tradipitant studies.

199.    Defendants admit the allegations in paragraph 199 that Vanda filed a summary judgment brief in the FDA Action on July 10, 2019 (ECF No. 23-1) (the "Vanda SJ Brief"), which contains the signatures of Vanda's attorneys at McDermott Will & Emery LLP and contains citations to documents included in the Index of Administrative Records prepared by the FDA for the  FDA Action, and refer to the Vanda SJ Brief (ECF No. 23-1) for a complete statement of its contents.

200.    Defendants admit that Vanda filed the FDA Complaint, which contains the quoted language in paragraph 200, and refer to the FDA Complaint for a complete statement of its contents.

201.    Defendants admit that Vanda filed the FDA Complaint, which includes the allegation described in paragraph 201, and refer to the FDA Complaint for a complete statement of its contents.

202.    Defendants admit the allegations in paragraph 202.

203.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations that purport to be characterized in paragraph 203, and refer to the FDA Complaint for a complete statement of its contents.

204.    Defendants admit the allegation in paragraph 204 that Vanda filed the FDA Complaint, which states that protocol amendment #5 provided for , among other things, Study 2301 to last for eight weeks, consisting of a four-week screening phase followed by a four-week evaluation phase, and refer to the FDA Complaint for a complete statement of its contents. Defendants deny the allegation in paragraph 204 that protocol amendment #5 was submitted on December 5, 2017.

205.    Defendants admit the allegation in paragraph 205 that Vanda filed the FDA Complaint, which states that on April 10, 2018, Vanda submitted protocol amendment #6, which among other things, extended Study 2301 to add a 52-week, open-label extension period, and refer to the FDA Complaint for a complete statement of its contents.

206.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations about the May 15, 2018 teleconference, and refer to the FDA Complaint for a complete statement of its contents, and otherwise deny the allegations in paragraph 206.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 about the FDA's role and practices, and deny any suggestion that the tradipitant clinical trial exposed its participants to unreasonable or significant risk.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210. Defendants deny the allegations in paragraph 210, except admit that Vanda filed the Vanda SJ Brief, and admit that the Vanda SJ Brief states that "FDA initiated a series of communications in which it made clear that continued human trials beyond 3 months would not be allowed to proceed without a 9-month study in dogs," and otherwise refer to the Vanda SJ Brief for a complete statement of its contents.

211. Defendants admit the allegations in the first sentence of paragraph 211 that Vanda filed the FDA Complaint, and refer to the FDA Complaint for a complete statement of its contents. Concerning the allegations in the second sentence, Defendants admit that Vanda filed the Vanda SJ Brief, and that the quoted language appears, and refer to the Vanda SJ Brief for a complete statement of its contents.

212. Defendants deny the allegations in paragraph 212.

213. Defendants admit the allegations in paragraph 213 that Vanda filed the Vanda SJ Brief, and admit that the quoted language appears, and refer to the Vanda SJ Brief for a complete statement of its contents, and deny any suggestion that the dog study was necessary or that the partial clinical hold was merited.

214. Defendants admit the allegation in paragraph 214 that Vanda filed the FDA Complaint, which states that Vanda submitted an amended protocol to the FDA on May 22, 2018

that limited Study 2301 to no more than three months in duration, and refer to the FDA

Complaint for a complete statement of its contents.

215.    Defendants admit the allegation in paragraph 215 that Vanda filed the FDA

Complaint, which states that the FDA approved the amended protocol on May 24, 2018, and

refer to the FDA Complaint for a complete statement of its contents.

216.    Defendants admit that Vanda filed the Vanda SJ Brief, which makes allegations

that purport to be characterized in paragraph 216, and admit that the quoted language appears,

and refer to the Vanda SJ Brief for a complete statement of its contents.

217.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations

that purport to be characterized in paragraph 217, and refer to the FDA Complaint for a complete

statement of its contents.

218.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations

that purport to be characterized in paragraph 218, and refer to the FDA Complaint for a complete

statement of its contents.

219.    Defendants admit that Vanda issued a press release, which was filed on Form 8-K

with the SEC on December 3, 2018 (the "12/3/18 Form 8-K"), and admit that Vanda held the

12/3/18 Special Call, and refer to the 12/3/18 Form 8-K and the transcript of the 12/3/18 Special

Call for a complete statement of their contents.

220.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations

that purport to be characterized in paragraph 220, and refer to the FDA Complaint for a complete

statement of its contents.

221.    Defendants admit the allegations in paragraph 221 that Vanda filed the FDA

Complaint, which states that "on December 19, 2018, the FDA informed Vanda by telephone

that both protocols (2301 and 2302) had been placed on partial clinical hold" and that "the FDA's sole concern was that Vanda had not complied with the FDA's demand that Vanda conduct an additional, 9-month toxicity study in a nonrodent species[,]" and otherwise refer to the FDA Complaint for a complete statement of its contents.

222.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations that purport to be characterized in paragraph 222, and admit that the quoted language appears without the second bracketed alteration, and refer to the FDA Complaint for a complete statement of its contents.

223.    Defendants admit the allegations in paragraph 223 that Vanda filed an initial complaint in the FDA Action on February 5, 2019, and admit that the quoted language appears, without bolding, italics, or bracketed alteration, and refer to the initial complaint (ECF No. 1) in the FDA Action for a complete statement of its contents, and otherwise deny the allegations in paragraph 223.

224.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations that purport to be characterized in paragraph 224, and refer to the FDA Complaint for a complete statement of its contents.

225.    Defendants admit that Vanda filed the FDA Complaint, which makes allegations that purport to be characterized in paragraph 225, and refer to the FDA Complaint for a complete statement of its contents.

226.    Defendants admit that Vanda issued a press release announcing that it had initiated the FDA Action on February 5, 2019, which was also filed on a Form 8-K with the SEC on February 6, 2019 (the "2/6/19 Form 8-K"), and otherwise refer to the entirety of the 2/6/19 Form 8-K for a complete statement of its contents; admit that the closing price for Vanda

common stock was $25.06 on February 5, 2019, and that the closing price for Vanda common stock was $20.06 on February 6, 2019, as reported by Bloomberg; and otherwise deny the allegations in paragraph 226.

227.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 227.  Concerning the allegations in the second sentence, Defendants admit that Ester Rajavelu of Oppenheimer & Co. issued a report on Vanda on February 7, 2019 (the "2/7/19 Oppenheimer Report"), and admit that the quoted language appears, without bolding, italics, ellipsis, or a section break, and refer to the 2/7/19 Oppenheimer Report in its entirety for a complete statement of its contents, and otherwise deny the allegations in the second sentence of paragraph 227.

228.    Defendants admit the allegations in paragraph 228 that on February 6, 2019 Derek Archila of Stifel Nicolaus issued a report on Vanda (the "2/6/19 Stifel Nicolaus Report"), and admit that the quoted language appears, without bolding or italics, and refer to the 2/6/19 Stifel Nicolaus Report in its entirety for a complete statement of its contents, and otherwise deny the allegations in paragraph 228.

229.    Defendants admit the allegations in paragraph 229 that on February 12, 2019 the *Washington Business Journal* published an article on Vanda (the "*Washington Business Journal* Article"), which purports to include quotes from an interview with Dr. Polymeropoulos conducted the same day, admit that the quoted language appears, without bolding or italics, and refer to the *Washington Business Journal* Article in its entirety for a complete statement of its contents.

230.    Defendants admit the allegations in paragraph 230 that on February 14, 2019 Derek Archila of Stifel Nicolaus issued a report on Vanda (the "2/14/19 Stifel Nicolaus Report"),

and admit that the quoted language appears, without bracketed alterations, and refer to the 2/14/19 Stifel Nicolaus Report in its entirety for a complete statement of its contents, and otherwise deny the allegation in paragraph 230.

231.    Defendants deny the allegations in paragraph 231.

232.    Defendants deny the allegations in paragraph 232.

233.    Defendants admit that on November 3, 2015 the Company held a conference call to discuss Vanda's financial results and performance for the third fiscal quarter of 2015 (the "11/3/15 Earnings Call"), the transcript of which contains the quoted language in the third sentence of paragraph 233, without bolding or italics, and otherwise refer to the entirety of the transcript of the 11/3/15 Earnings Call for a complete statement of its contents, and otherwise deny the allegations in paragraph 233.

234.    Defendants deny the allegations in paragraph 234.

235.    Defendants deny the allegations in paragraph 235.

236.    Defendants admit that Vanda filed a Form 10-Q with the SEC on November 4, 2015 (the "3Q15 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 236, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 3Q15 Form 10-Q for a complete statement of its contents.

237.    Defendants deny the allegations in paragraph 237.

238.    Defendants admit that on November 19, 2015 Dr. Polymeropoulos participated in the Jefferies Autumn Global Healthcare Conference (the "11/19/15 Jefferies Conference"), the transcript of which contains the quoted language in paragraph 238, without bolding, italics, a

section break or bracketed alteration, and otherwise refer to the entirety of the transcript of the 11/19/15 Jefferies Conference for a complete statement of its contents.

239.    Defendants deny the allegations in paragraph 239.

240.    Defendants deny the allegations in paragraph 240.

241.    Defendants admit that on February 10, 2016 the Company held a conference call to discuss Vanda's financial results and performance for the fourth fiscal quarter of 2015 and full year 2015 (the "2/10/16 Earnings Call"), the transcript of which contains the quoted language in paragraph 241, without bolding or italics, and otherwise refer to the entirety of the transcript of the 2/10/16 Earnings Call for a complete statement of its contents.

242.    Defendants deny the allegations in paragraph 242.

243.    Defendants admit that Vanda filed the 2015 Form 10-K, which contains the signatures of Dr. Polymeropoulos, Mr. Kelly, and the Company's directors, and which contains the quoted language in paragraph 243, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 2015 Form 10-K for a complete statement of its contents.

244.    Defendants deny the allegations in paragraph 244.

245.    Defendants admit that Vanda filed the 2015 Form 10-K, which contains the quoted language in paragraph 245, without bolding or italics, and otherwise refer to the entirety of the 2015 Form 10-K for a complete statement of its contents.

246.    Defendants deny the allegations in paragraph 246.

247.    Defendants admit that on May 4, 2016 the Company held a conference call to discuss Vanda's financial results and performance for the first fiscal quarter of 2016  (the "5/4/16 Earnings Call"), the transcript of which contains the quoted language in paragraph 247, without

bolding or italics, and otherwise refer to the entirety of the transcript of the 5/4/16 Earnings Call for a complete statement of its contents.

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants admit that Vanda filed a Form 10-Q with the SEC on May 5, 2016 (the "1Q16 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 249, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 1Q16 Form 10-Q for a complete statement of its contents.

250.    Defendants deny the allegations in paragraph 250.

251.    Defendants admit that Vanda filed the 1Q16 Form 10-Q, which contains the quoted language in paragraph 251, without bolding or italics, and otherwise refer to the entirety of the 1Q16 Form 10-Q for a complete statement of its contents.

252.    Defendants deny the allegations in paragraph 252.

253.    Defendants admit that on June 9, 2016 Dr. Polymeropoulos participated in the 6/9/16 Jefferies Conference, the transcript of which contains the quoted language in paragraph 253, without bolding, italics, or bracketed alteration, and otherwise refer to the entirety of the transcript of the 6/9/16 Jefferies Conference for a complete statement of its contents.

254.    Defendants deny the allegations in paragraph 254.

255.    Defendants deny the allegations in paragraph 255.

256.    Defendants admit that on June 21, 2016 Dr. Polymeropoulos participated in the JMP Securities Life Sciences Conference (the "6/21/16 JMP Conference"), the transcript of which contains the quoted language in paragraph 256, without bolding, italics, ellipses, or a

section break, and otherwise refer to the entirety of the transcript of the 6/21/16 JMP Conference for a complete statement of its contents.

257. Defendants deny the allegations in paragraph 257.

258. Defendants deny the allegations in paragraph 258.

259. Defendants admit that on July 27, 2016 the Company held a conference call to discuss Vanda's financial results and performance for the second fiscal quarter of 2016 (the "7/27/16 Earnings Call"), the transcript of which contains the quoted language in paragraph 259, without bolding or italics, and otherwise refer to entirety of the transcript of the 7/27/16 Earnings Call for a complete statement of its contents.

260. Defendants deny the allegations in paragraph 260.

261. Defendants admit that Vanda filed a Form 10-Q with the SEC on July 28, 2016 (the "2Q16 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 261, without italics or ellipses, and otherwise refer to the entirety of the 2Q16 Form 10-Q for a complete statement of its contents.

262. Defendants deny the allegations in paragraph 262.

263. Defendants admit that Vanda filed the 2Q16 Form 10-Q, which contains the quoted language in paragraph 263, without bolding or italics, and otherwise refer to the entirety of the 2Q16 Form 10-Q for a complete statement of its contents.

264. Defendants deny the allegations in paragraph 264.

265. Defendants admit that on November 2, 2016 the Company held a conference call to discuss Vanda's financial results and performance for the third fiscal quarter of 2016 (the "the 11/2/16 Earnings Call"), the transcript of which contains the quoted language in paragraph 265,

without bolding, italics, ellipses, or a section break, and otherwise refer to entirety of the transcript of the 11/2/16 Earnings Call for a complete statement of its contents.

266. Defendants deny the allegations in paragraph 266.

267. Defendants deny the allegations in paragraph 267.

268. Defendants admit that Vanda filed a Form 10-Q with the SEC on November 3, 2016 (the "3Q16 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 268, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 3Q16 Form 10-Q for a complete statement of its contents.

269. Defendants deny the allegations in paragraph 269.

270. Defendants admit that Vanda filed the 3Q16 Form 10-Q, which contains the quoted language in paragraph 270, without bolding, italics, or  ellipses, and otherwise refer to the entirety of the 3Q16 Form 10-Q for a complete statement of its contents.

271. Defendants deny the allegations in paragraph 271.

272. Defendants admit that on February 15, 2017 the Company held a conference call to discuss Vanda's financial results and performance for the fourth fiscal quarter of 2016 and full year 2016 (the "2/15/17 Earnings Call"), the transcript of which contains the quoted language, without bolding or italics, and otherwise refer to entirety of the transcript of the 2/15/17 Earnings Call for a complete statement of its contents.

273. Defendants deny the allegations in paragraph 273.

274. Defendants admit that Vanda filed its annual report on Form 10-K with the SEC for FY16 on February 17, 2017 (the "2016 Form 10-K"), which contains the signatures of Dr. Polymeropoulos, Mr. Kelly, and the Company's directors, and which contains the quoted

language, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 2016 Form 10-K for a complete statement of its contents.

275.   Defendants deny the allegations in paragraph 275.

276.   Defendants admit that Vanda filed the 2016 Form 10-K, which contains the quoted language, without bolding or italics, and otherwise refer to the entirety of the 2016 Form 10-K for a complete statement of its contents.

277.   Defendants deny the allegations in paragraph 277.

278.   Defendants admit that on March 21, 2017, Dr. Polymeropoulos participated in the 3/21/17 Oppenheimer Conference, the transcript of which contains the quoted language in paragraph 278, without bolding or italics, and otherwise refer to the entirety of the transcript of the 3/21/17 Oppenheimer Conference for a complete statement of its contents.

279.   Defendants deny the allegations in paragraph 279.

280.   Defendants admit that on May 2, 2017 the Company held a conference call to discuss Vanda's financial results and performance for the first fiscal quarter of 2017 (the "5/2/17 Earnings Call"), the transcript of which contains the quoted language in paragraph 280, without bolding or italics, and otherwise refer to the entirety of the transcript of the 5/2/17 Earnings Call for a complete statement of its contents.

281.   Defendants deny the allegations in paragraph 281.

282.   Defendants admit that Vanda filed a Form 10-Q with the SEC on May 3, 2017 (the "1Q17 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 282, without italics or ellipses, and otherwise refer to the entirety of the 1Q17 Form 10-Q for a complete statement of its contents.

283.   Defendants deny the allegations in paragraph 283.

284.    Defendants admit that Vanda filed the 1Q17 Form 10-Q, which contains the quoted language in paragraph 284, without bolding or italics, and otherwise refer to the entirety of the 1Q17 Form 10-Q for a complete statement of its contents.

285.    Defendants deny the allegations in paragraph 285.

286.    Defendants admit that on August 2, 2017 the Company held a conference call to discuss Vanda's financial results and performance for the second fiscal quarter of 2017 (the "8/2/17 Earnings Call"), the transcript of which contains the quoted language in paragraph 286, without bolding or italics, and otherwise refer to the entirety of the transcript of the 8/2/17 Earnings Call for a complete statement of its contents.

287.    Defendants deny the allegations in paragraph 287.

288.    Defendants admit that Vanda filed a Form 10-Q with the SEC on August 3, 2017 (the "2Q17 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 288, without italics or ellipses, and otherwise refer to the entirety of the 1Q17 Form 10-Q for a complete statement of its contents.

289.    Defendants deny the allegations in paragraph 289.

290.    Defendants admit that Vanda filed the 2Q17 Form 10-Q, which contains the quoted language in paragraph 290, without bolding or italics, and otherwise refer to the entirety of the 2Q17 Form 10-Q for a complete statement of its contents.

291.    Defendants deny the allegations in paragraph 291.

292.    Defendants admit that on September 13, 2017 Mr. Kelly participated in the Morgan Stanley Healthcare Conference (the "9/13/17 Morgan Stanley Conference"), the transcript of which contains the quoted language in paragraph 292, without bolding or italics, and

otherwise refer to entirety of the transcript of the 9/13/17 Morgan Stanley Conference for a complete statement of its contents.

293.    Defendants deny the allegations in paragraph 293.

294.    Defendants admit that Vanda filed a Form 10-Q with the SEC on November 8, 2017 (the "3Q17 Form 10-Q"), which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 294, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 3Q17 Form 10-Q for a complete statement of its contents.

295.    Defendants deny the allegations in paragraph 295.

296.    Defendants admit that Vanda filed the 3Q17 Form 10-Q, which contains the quoted language in paragraph 296, without bolding or italics, and otherwise refer to the entirety of the 3Q17 Form 10-Q for a complete statement of its contents.

297.    Defendants deny the allegations in paragraph 297.

298.    Defendants admit that Vanda filed the 2017 Form 10-K, which contains the signatures of Dr. Polymeropoulos, Mr. Kelly, and the Company's directors, and which contains the quoted language in paragraph 298, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

299.    Defendants deny the allegations in paragraph 299.

300.    Defendants admit that Vanda filed the 2017 Form 10-K, which contains the quoted language in paragraph 300, without bolding or italics, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

301.    Defendants deny the allegations in paragraph 301.

302.    Defendants admit that on May 2, 2018 the Company held a conference call to discuss Vanda's financial results and performance for the first fiscal quarter of 2018 (the "5/2/18 Earnings Call"), the transcript of which contains the quoted language in paragraph 302, without bolding or italics, and otherwise refer to the entirety of the transcript of the 5/2/18 Earnings Call for a complete statement of its contents.

303.    Defendants deny the allegations in paragraph 303.

304.    Defendants admit that Vanda filed the 1Q18 Form 10-Q, which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 304, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 1Q18 Form 10-Q for a complete statement of its contents.

305.    Defendants deny the allegations in paragraph 305.

306.    Defendants admit that Vanda filed the 1Q18 Form 10-Q, which contains the quoted language in paragraph 306, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 1Q18 Form 10-Q for a complete statement of its contents.

307.    Defendants deny the allegations in paragraph 307.

308.    Defendants admit that on August 1, 2018 the Company held a conference call to discuss Vanda's financial results and performance for the second fiscal quarter of 2018 (the "8/1/18 Earnings Call"), the transcript of which contains the quoted language in paragraph 308, without bolding or italics, and otherwise refer to the entirety of the transcript of the 8/1/18 Earnings Call for a complete statement of its contents.

309.    Defendants deny the allegations in paragraph 309.

310. Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 310, without italics or ellipses, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

311. Defendants deny the allegations in paragraph 311.

312. Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 312, without bolding or italics, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

313. Defendants deny the allegations in paragraph 313.

314. Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the signatures of Dr. Polymeropoulos and Mr. Kelly, and which contains the quoted language in paragraph 314, without bolding, italics, or ellipses, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

315. Defendants deny the allegations in paragraph 315.

316. Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the quoted language in paragraph 316, without bolding or italics, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

317. Defendants deny the allegations in paragraph 317.

318. Defendants admit that Vanda filed the 3Q15 Form 10-Q, which contains the quoted language in paragraph 318, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 3Q15 Form 10-Q for a complete statement of its contents.

319. Defendants deny the allegations in paragraph 319.

320.   Defendants admit that Vanda filed the 2015 Form 10-K, which contains the quoted language in paragraph 320, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2015 Form 10-K for a complete statement of its contents.

321.   Defendants deny the allegations in paragraph 321.

322.   Defendants admit that Vanda filed the 2015 Form 10-K, which contains the quoted language in paragraph 322, without bolding or italics, and otherwise refer to the entirety of the 2015 Form 10-K for a complete statement of its contents.

323.   Defendants deny the allegations in paragraph 323.

324.   Defendants admit that Vanda filed the 1Q16 Form 10-Q, which contains the quoted language in paragraph 324, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 1Q16 Form 10-Q for a complete statement of its contents.

325.   Defendants deny the allegations in paragraph 325.

326.   Defendants admit that Vanda filed the 1Q16 Form 10-Q, which contains the quoted language in paragraph 326, without bolding or italics, and otherwise refer to the entirety of the 1Q16 Form 10-Q for a complete statement of its contents.

327.   Defendants deny the allegations in paragraph 327.

328.   Defendants admit that Vanda filed the 2Q16 Form 10-Q, which contains the quoted language in paragraph 328, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2Q16 Form 10-Q for a complete statement of its contents.

329.   Defendants deny the allegations in paragraph 329.

330.   Defendants admit that Vanda filed the 2Q16 Form 10-Q, which contains the quoted language in paragraph 330, without bolding or italics, and otherwise refer to the entirety of the 2Q16 Form 10-Q for a complete statement of its contents.

331.    Defendants deny the allegations in paragraph 331.

332.    Defendants admit that Vanda filed the 3Q16 Form 10-Q, which contains the quoted language in paragraph 332, without italics or ellipsis, and otherwise refer to the entirety of the 3Q16 Form 10-Q for a complete statement of its contents.

333.    Defendants deny the allegations in paragraph 333.

334.    Defendants admit that Vanda filed the 3Q16 Form 10-Q, which contains the quoted language in paragraph 334, without bolding or italics, and otherwise refer to the entirety of the 3Q16 Form 10-Q for a complete statement of its contents.

335.    Defendants deny the allegations in paragraph 335.

336.    Defendants admit that Vanda held the 2/15/17 Earnings Call, the transcript of which contains the quoted language in paragraph 336, without bolding or italics, and otherwise refer to the entirety of the transcript of the 2/15/17 Earnings Call for a complete statement of its contents.

337.    Defendants deny the allegations in paragraph 337.

338.    Defendants admit that Vanda filed the 2016 Form 10-K, which contains the quoted language in paragraph 338, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2016 Form 10-K for a complete statement of its contents.

339.    Defendants deny the allegations in paragraph 339.

340.    Defendants admit that Vanda filed the 2016 Form 10-K, which contains the quoted language in paragraph 340, without bolding or italics, and otherwise refer to the entirety of the 2016 Form 10-K for a complete statement of its contents.

341.    Defendants deny the allegations in paragraph 341.

342.     Defendants admit that Vanda held the 5/2/17 Earnings Call, the transcript of which contains the quoted language in paragraph 342, without bolding or italics, and otherwise refer to the entirety of the transcript of the 5/2/17 Earnings Call for a complete statement of its contents.

343.     Defendants deny the allegations in paragraph 343.

344.     Defendants admit that Vanda filed the 1Q17 Form 10-Q, which contains the quoted language in paragraph 344, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 1Q17 Form 10-Q for a complete statement of its contents.

345.     Defendants deny the allegations in paragraph 345.

346.     Defendants admit that Vanda filed the 1Q17 Form 10-Q, which contains the quoted language in paragraph 346, without bolding or italics, and otherwise refer to the entirety of the 1Q17 Form 10-Q for a complete statement of its contents.

347.     Defendants deny the allegations in paragraph 347.

348.     Defendants admit that Vanda held the 8/2/17 Earnings Call, the transcript of which contains the quoted language in paragraph 348, without bolding, italics, or bracketed alteration, and otherwise refer to the entirety of the transcript of the 8/2/17 Earnings Call for a complete statement of its contents.

349.     Defendants deny the allegations in paragraph 349.

350.     Defendants admit that Vanda filed the 2Q17 Form 10-Q, which contains the quoted language in paragraph 350, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2Q17 Form 10-Q for a complete statement of its contents.

351.     Defendants deny the allegations in paragraph 351.

352.    Defendants admit that Vanda filed the 2Q17 Form 10-Q, which contains the quoted language in paragraph 352, without bolding or italics, and otherwise refer to the entirety of the 2Q17 Form 10-Q for a complete statement of its contents.

353.    Defendants deny the allegations in paragraph 353.

354.    Defendants admit that on November 7, 2017 the Company held a conference call to discuss Vanda's financial results and performance for the third fiscal quarter of 2017 (the "11/7/17 Earnings Call"), the transcript of which contains the quoted language in paragraph 354, without bolding or italics, and otherwise refer to the entirety of the transcript of the 11/7/17 Earnings Call for a complete statement of its contents.

355.    Defendants deny the allegations in paragraph 355.

356.    Defendants admit that Vanda filed the 3Q17 Form 10-Q, which contains the quoted language in paragraph 356, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 3Q17 Form 10-Q for a complete statement of its contents.

357.    Defendants deny the allegations in paragraph 357.

358.    Defendants admit that Vanda filed the 3Q17 Form 10-Q, which contains the quoted language in paragraph 358, without bolding or italics, and otherwise refer to the entirety of the 3Q17 Form 10-Q for a complete statement of its contents.

359.    Defendants deny the allegations in paragraph 359.

360.    Defendants admit that on February 14, 2018 the Company held a conference call to discuss Vanda's financial results and performance for the fourth fiscal quarter of 2017 and full year 2017 (the "2/14/18 Earnings Call"), the transcript of which contains the quoted language in paragraph 360, without bolding or italics, and otherwise refer to the entirety of the transcript of the 2/14/18 Earnings Call for a complete statement of its contents.

361. Defendants deny the allegations in paragraph 361.

362. Defendants admit that Vanda filed the 2017 Form 10-K, which contains the quoted language in paragraph 362, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

363. Defendants deny the allegations in paragraph 363.

364. Defendants admit that Vanda filed the 2017 Form 10-K, which contains the quoted language in paragraph 364, without bolding or italics, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

365. Defendants deny the allegations in paragraph 365.

366. Defendants admit that Vanda held the 5/2/18 Earnings Call, the transcript of which contains the quoted language in paragraph 366, without bolding or italics, and otherwise refer to the entirety of the transcript of the 5/2/18 Earnings Call for a complete statement of its contents.

367. Defendants deny the allegations in paragraph 367.

368. Defendants admit that Vanda filed the 1Q18 Form 10-Q, which contains the quoted language in paragraph 368, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 1Q18 Form 10-Q for a complete statement of its contents.

369. Defendants deny the allegations in paragraph 369.

370. Defendants admit that Vanda filed the 1Q18 Form 10-Q, which contains the quoted language in paragraph 370, without bolding or italics, and otherwise refer to the entirety of the 1Q18 Form 10-Q for a complete statement of its contents.

371. Defendants deny the allegations in paragraph 371.

372.    Defendants admit that on May 9, 2018 Mr. Kelly participated in the Deutsche Bank Healthcare Conference (the "5/9/18 Deutsche Bank Conference"), the transcript of which contains the quoted language in paragraph 372, without bolding or italics, and otherwise refer to the entirety of the transcript of the 5/9/18 Deutsche Bank Conference for a complete statement of its contents.

373.    Defendants deny the allegations in paragraph 373.

374.    Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 374, without bolding, italics, or ellipsis, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

375.    Defendants deny the allegations in paragraph 375.

376.    Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 376, without bolding or italics, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

377.    Defendants deny the allegations in paragraph 377.

378.    Defendants admit that on September 12, 2018 Mr. Kelly participated in the Morgan Stanley Healthcare Conference (the "9/12/18 Morgan Stanley Conference"), the transcript of which contains the quoted language in paragraph 378, without bolding, italics, or a section break, and otherwise refer to the entirety of the transcript of the 9/12/18 Morgan Stanley Conference for a complete statement of its contents.

379.    Defendants deny the allegations in paragraph 379.

380.    Defendants admit that the Company held the 11/7/18 Earnings Call, the transcript of which contains the quoted language in paragraph 380, without bolding or italics, and

otherwise refer to the entirety of the 11/7/18 Earnings Call transcript for a complete statement of its contents.

381.    Defendants deny the allegations in paragraph 381.

382.    Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the quoted language in paragraph 382, without bolding or italics, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

383.    Defendants deny the allegations in paragraph 383.

384.    Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the quoted language in paragraph 384, without bolding or italics, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

385.    Defendants deny the allegations in paragraph 385.

386.    Defendants admit that Vanda filed a Form 8-K with the SEC on August 1, 2018 (the "8/1/18 Form 8-K"), which contains the quoted language in paragraph 386, without bolding or italics, and otherwise refer to the entirety of the 8/1/18 Form 8-K for a complete statement of its contents.

387.    Defendants deny the allegations in paragraph 387.

388.    Defendants admit that the Company held the 8/1/18 Earnings Call, the transcript of which contains the quoted language in paragraph 388, without bolding or italics, and otherwise refer to entirety of the transcript of the 8/1/18 Earnings Call for a complete statement of its contents.

389.    Defendants deny the allegations in paragraph 389.

390. Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 390, without bolding or italics, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

391. Defendants deny the allegations in paragraph 391.

392. Defendants admit that Vanda filed the 2017 Form 10-K, which contains the quoted language in paragraph 392, and otherwise refer to the entirety of the 2017 Form 10-K for a complete statement of its contents.

393. Defendants admit that Vanda filed the 2Q18 Form 10-Q, which contains the quoted language in paragraph 393, without bolding or italics, and otherwise refer to the entirety of the 2Q18 Form 10-Q for a complete statement of its contents.

394. Defendants deny the allegations in paragraph 394.

395. Defendants admit that Vanda filed a press release on Form 8-K with the SEC on November 7, 2018 (the "November 7, 2018 Form 8-K"), which contains the quoted language in paragraph 395, without bolding or italics, and otherwise refer to the entirety of the November 7, 2018 Form 8-K for a complete statement of its contents.

396. Defendants deny the allegations in paragraph 396.

397. Defendants admit that the Company held the 11/7/18 Earnings Call, the transcript of which contains the quoted language in paragraph 397, without bolding or italics, and otherwise refer to entirety of the transcript of the 11/7/18 Earnings Call for a complete statement of its contents.

398. Defendants deny the allegations in paragraph 398.

399.    Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the quoted language in paragraph 399, without bolding or italics, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

400.    Defendants deny the allegations in paragraph 400.

401.    Defendants admit that Vanda filed the 3Q18 Form 10-Q, which contains the quoted language in paragraph 401, without bolding or italics, and otherwise refer to the entirety of the 3Q18 Form 10-Q for a complete statement of its contents.

402.    Defendants deny the allegations in paragraph 402.

403.    Defendants admit that Vanda filed the December 3, 2018 Form 8-K, which contains the quoted language in paragraph 403, without bolding or italics, and otherwise refer to the entirety of the December 3, 2018 Form 8-K for a complete statement of its contents.

404.    Defendants deny the allegations in paragraph 404.

405.    Defendants admit that the Company held the 12/3/18 Special Call, the transcript of which contains the quoted language in paragraph 405, without bolding, italics, or section breaks, and otherwise refer to entirety of the transcript of the 12/3/18 Special Call for a complete statement of its contents.

406.    Defendants deny the allegations in paragraph 406.

407.    Defendants deny the allegations in paragraph 407.

408.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408.

409.    Paragraph 409 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants admit that some portion of Vanda's Class Period

SEC filings may have been subject to Regulation S-K and that paragraph 409 quotes a portion of Regulation S-K.

410.    Defendants admit that Regulation S-K contains the quoted language in paragraph 410, without bracketed alterations, and otherwise refer to the entirety of Regulation S-K for a complete statement of its contents.

411.    Paragraph 411 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda filed the 3Q15 Form 10-Q, the 2015 Form 10-K, the 1Q16 Form 10-Q, the 2Q16 Form 10-Q, the 3Q16 Form 10-Q, the 2016 Form 10-K, the 1Q17 Form 10-Q, the 2Q17 Form 10-Q, the 3Q17 Form 10-Q, the 2017 Form 10-K, the 1Q18 Form 10-Q, the 2Q18 Form 10-Q, and the 3Q18 Form 10-Q, and otherwise refer to the entirety of those documents for a complete statement of their contents.

412.    Paragraph 412 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda filed the 2Q18 Form 10-Q and the 3Q18 Form 10-Q.

413.    Paragraph 413 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

414.    Paragraph 414 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants admit that some portion of Vanda's Class Period Forms 10-Ks may have been subject to Regulation S-K and that paragraph 414 quotes a portion of Regulation S-K.

415.    Paragraph 415 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants admit that some portion of Vanda's Class Period

Forms 10-Qs may have been subject to Regulation S-K and that paragraph 415 quotes a portion of Regulation S-K.

416.   Paragraph 416 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

417.   Paragraph 417 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda filed the 3Q15 Form 10-Q, 2015 Form 10-K, 1Q16 Form 10-Q, 2Q16 Form 10-Q, 3Q16 Form 10-Q, 2016 Form 10-K, 1Q17 Form 10-Q, 2Q17 Form 10-Q, 3Q17 Form 10-Q, 2017 Form 10-K, 1Q18 Form 10-Q, 2Q18 Form 10-Q, and 3Q18 Form 10-Q, and otherwise refer to the entirety of those documents for a complete statement of their contents.

418.   Paragraph 418 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except that Defendants admit that Vanda filed the 2Q18 Form 10-Q and 3Q18 Form 10-Q, and otherwise refer to the entirety of the 2Q18 Form 10-Q and 3Q18 Form 10-Q for a complete statement of their contents.

419.   Paragraph 419 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

420.   Paragraph 420 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

421.   Paragraph 421 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

422.   Defendants admit the allegation in the first sentence of paragraph 422 that Dr. Polymeropoulos was an executive officer of Vanda between November 2015 and February 2019. The second sentence of paragraph 422 states a legal conclusion to which Defendants need not

respond; to the extent a response is required, Defendants deny the allegations, except admit that Vanda derived all of its revenue from sales of Fanapt® and Hetlioz® between November 2015 and February 2019, and that tradipitant was in clinical development during that time.

423.   Paragraph 423 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

424.   Paragraph 424 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

425.   Paragraph 425 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

426.   Paragraph 426 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that Dr. Polymeropoulos is the CEO of Vanda.

427.   Paragraph 427 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that James, Griffin, Holland, and Arnold were employees of Vanda.

428.   Paragraph 428 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that Mr. Ramirez was a consultant to Vanda.

429.   Paragraph 429 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

430.   The first sentence of paragraph 430 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  The second sentence of paragraph

430 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that the closing price of Vanda common stock was $31.47 on December 3, 2018, as reported by Bloomberg.

431.    Defendants admit the allegations in paragraph 431 that Vanda issued a press release on February 5, 2019, announcing that the Company had initiated the FDA Action, which was filed with the SEC the next day on the 2/6/19 Form 8-K, and otherwise refer to the entirety of the 2/6/19 Form 8-K for a complete statement of its comments.

432.    Paragraph 432 states a legal conclusion to which Defendants need not respond; the extent a response is required, Defendants deny the allegations, except admit that: the closing price of Vanda common stock was $25.06 on February 5, 2019; the closing price of Vanda common stock was $20.06 on February 6, 2019; and 3.061 million shares were traded on February 6, 2019, as reported by Bloomberg.

433.    Defendants deny the allegations in paragraph 433, except admit that Aurelius Value published a report on February 11, 2019 entitled "Vanda: In the Land of the Blind, The One-Eyed Man is King," and refer to the entirety of the report for a complete statement of its contents.

434.    Paragraph 434 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that: the opening price of Vanda common stock was $19.05 on February 11, 2019; the closing price of Vanda common stock was $18.00 on February 11, 2019; and 4.5 million shares were traded on February 11, 2019, as reported by Bloomberg.

435.    Paragraph 435 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

436.    Paragraph 436 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

437.    Paragraph 437 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

438.    Paragraph 438 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

439.    Paragraph 439 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

440.    Paragraph 440 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

441.    Paragraph 441 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

442.    Paragraph 442 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

443.    Paragraph 443 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

444. Paragraph 444 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

445. Paragraph 445 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except that Defendants admit that: Vanda's common stock is listed and actively traded on the NASDAQ; Vanda filed periodic public reports with the SEC; Vanda regularly communicated with public investors via established market communication mechanisms including press releases and public disclosures; and Vanda was followed by securities analysts at brokerage firms who wrote publicly available reports; and otherwise deny the allegations.

446. Paragraph 446 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

447. Paragraph 447 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

448. Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

449. Paragraph 449 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

450. Paragraph 450 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

451.    Paragraph 451 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

452.    Paragraph 452 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

453.    Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

454.    Paragraph 454 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

## **PRAYER FOR RELIEF**

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to relief against Defendants.

## **JURY DEMAND**

Answering Plaintiff's demand for a jury trial, Defendants admit that Plaintiff purports to demand a jury trial, and otherwise deny the allegations in this demand.

***

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 454 of the Amended Complaint and plead their Affirmative and Other Defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer. Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

### FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

### SECOND DEFENSE

Plaintiff fails, in whole or in part, to plead facts underlying the alleged fraudulent conduct with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

### THIRD DEFENSE

Defendants are not liable to Plaintiff because Defendants' statements were accurate in all material respects.

### FOURTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants did not make any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

### FIFTH DEFENSE

Defendants are not liable to Plaintiff because Defendants' statements did not contain any misrepresentations or omissions.

### SIXTH DEFENSE

Defendants are not liable to Plaintiff because Defendants did not act with the requisite scienter.

### SEVENTH DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Vanda's management relied, in good faith, and was entitled to rely, on advice and information provided by Vanda's professional advisors, both within and outside of Vanda.

### NINTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because any alleged misstatements or omissions were immaterial.

### TENTH DEFENSE

Defendants are not liable to the extent that any alleged misstatements by Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

### ELEVENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the statements challenged constitute immaterial puffery or corporate optimism that are not actionable.

## TWELFTH DEFENSE

Defendants are not liable to Plaintiff because Defendants had no duty to disclose any facts allegedly not disclosed.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Amended Complaint.

## FOURTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the risks of investing in Vanda securities that ultimately came to pass, if any, were adequately disclosed and thus Plaintiff was warned of all the risks that Plaintiff alleges were misstated or omitted.

## FIFTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's alleged injuries were not legally or proximately caused by any statements or omissions of Defendants.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because of the lack of loss causation, or any conduct that caused a purported artificial inflation and subsequent deflation of the price of Vanda's common stock.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred under Section 20(a) of the Securities Exchange Act of 1934 because Plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

## EIGHTEENTH DEFENSE

Defendant Polymeropoulos is not liable under Section 20(a) of the Securities Exchange Act of 1934, because he acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statements or omissions.

## NINETEENTH DEFENSE

To the extent asserted by a putative class, Plaintiff's claims against Defendants are barred, in whole or in part, because they cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## TWENTIETH DEFENSE

The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-FIRST DEFENSE

Plaintiff alleges two separate and distinct theories of fraud and cannot disaggregate damages, if any, from among the unrelated alleged misrepresentations.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to recover attorney's fees, experts' fees, or other costs and expenses.

## TWENTY-THIRD DEFENSE

Defendants incorporate by reference all defenses in *U.S. ex rel. Gardner* v. *Vanda Pharmaceuticals, Inc.*, No. 1:17-cv-00464 (APM) (D.D.C.), which alleges that Vanda engaged in off-label marketing in violation of federal law, and which allegations are a premise of Plaintiff's claims in this action.

**TWENTY-FOURTH DEFENSE**

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice, with costs and disbursements to Defendants, and seek such other legal and equitable relief, including an award of attorneys' fees, as the Court may deem just and proper.

Dated:  April 23, 2021
        New York, New York

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:  */s/ Audra J. Soloway*
     Daniel J. Kramer
     Audra J. Soloway
     Christopher L. Filburn
     Brad D. Feldman
     1285 Avenue of the Americas
     New York, New York 10019-6064
     Telephone:  (212) 373-3000
     Email:  dkramer@paulweiss.com
     Email:  asoloway@paulweiss.com
     Email:  cfilburn@paulweiss.com
     Email:  bfeldman@paulweiss.com

     *Counsel for Defendants*