PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3289

WRITER'S DIRECT FACSIMILE

(212) 492-0289

WRITER'S DIRECT E-MAIL ADDRESS

asoloway@paulweiss.com

December 20, 2021

**By ECF**

The Honorable Lois Bloom
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Gordon* v. *Vanda Pharmaceuticals Inc.*, No. 19-cv-01108-FB-LB

Dear Judge Bloom:

We represent defendants Vanda Pharmaceuticals Inc. ("Vanda") and Mihael H. Polymeropoulos ("Defendants"), and write pursuant to Your Honor's Individual Practices to seek a protective order from the November 1, 2021 Rule 30(b)(6) Deposition Notice propounded by lead plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiff"). The parties have held several meet-and-confer discussions, exchanged correspondence, and resolved a number of disputes, but Vanda seeks a protective order as to Topics 3-6 listed in Schedule A (the "Topics") (annexed as Ex. 1), which remain in dispute.

By way of background, Plaintiff asserts federal securities fraud claims premised on two unconnected theories, only one of which is implicated in the present dispute. Plaintiff alleges that Vanda made misstatements concerning alleged off-label promotion of its two commercially available drugs, Fanapt® and Hetlioz® (the "Off-Label Claim").[1] In October, the Parties began to negotiate Vanda "custodians," *i.e.* the current and former employees from whom e-mails would be collected, culled by search terms, and reviewed for documents responsive to Plaintiff's 72 individual document requests. Plaintiff proposed that Defendants search the files of more than 113 Vanda employees, 80 of whom (plus an unspecified number of additional sales personnel) were identified for searches relevant to the Off-Label Claim. *See* Off-Label Custodians (Ex. 2); Tradipitant Custodians (Ex. 3).) Plaintiff selected these proposed custodians from Vanda's organizational charts based on their job titles. Defendants' counsel then investigated these individuals' roles and

---

[1]   Separately, Plaintiff alleges that Vanda misled investors as to the status of clinical trials for a third unapproved pipeline drug, tradipitant (the "Tradipitant Claim"). Each of these theories implicates different areas of Vanda's business, necessitating two largely distinct tracks of discovery.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Bloom                                                                   2

responsibilities at Vanda and, during several subsequent meet-and-confer discussions, explained to Plaintiff why many of the custodians proposed by Plaintiff would not likely possess any relevant information, and why others would likely have only duplicative information.    After exchanging multiple counter-proposals, on October 29, 2021, Defendants proposed a list of 43 custodians (32 of which are relevant to the Off-Label Claim).  Plaintiff agreed to that list but only "subject to Plaintiff taking a Fed. R. Civ. P. 30(b)(6) deposition of Vanda to obtain a full understanding of those persons who may have information relevant to Plaintiff's claims," contemporaneously serving the Rule 30(b)(6) Notice.  (Email from M. Capeci (Nov. 1, 2021) (Ex. 4).)[2]  Notwithstanding Plaintiff's conditional acceptance of the 43-custodian proposal, Defendants are actively reviewing and producing e-mails from these custodians, and have already agreed to review over 170,000 documents for responsiveness with the next planned rolling production scheduled for January 1, 2022.

**Requested Protective Order as to Topics 4 and 6:**  Topics 4 and 6 request that Vanda produce a witness to testify on "[t]he identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding the marketing or promotion of" Fanapt® and Hetlioz® from January 1, 2015 to the date of the deposition.  (Ex. 1 at 4-6.)  In short, Plaintiff demands that Vanda prepare a corporate representative to provide a detailed chronology of every scheduled discussion at Vanda over a 7-year period at which the marketing and promotion of its two commercial drugs was discussed, who attended, and what was discussed.  Not only is such an exhaustive chronology of meetings likely impossible to recreate years later, but this request is plainly overbroad, extremely burdensome, disproportionate to the needs of the case, and duplicative of other discovery obtained from document production and fact depositions:

- Overbreadth/Relevance: The breadth of this request for a 7-year chronology of all Vanda meetings at which marketing and promotion generally were discussed is not tailored to the purported off-label marketing directed at doctors, or the alleged misstatements to shareholders on that subject.

- Burden/Disproportionality: This request impermissibly seeks to impose on Defendants the burden of attempting to recreate this chronology—which likely would include thousands of meetings—so that a corporate representative could read it into the record at a deposition.  Even if possible to complete this project (it is not), it would be exceedingly expensive and burdensome for Vanda to perform this work.

- Duplicative of Other Discovery:  Defendants have already agreed to search for and produce documents, including calendar invitations, reflecting meetings, trainings, and other discussions of marketing practices relevant to the Off-Label Claim, and will also produce fact witnesses on this subject. *See Presse* v. *Morel*, No. 10 Civ.

---

[2]    The Parties met and conferred concerning the proposed Rule 30(b)(6) deposition on November 16 and 18, 2021.  During these discussions, the parties reached agreement to resolve Topics 1, 2, 7, 8, 9, and 10, with Vanda agreeing to provide responsive information in document and interrogatory format.  (*See* Letter from A. Soloway to M. Capeci (Dec. 9, 2021) (Ex. 5); Letter from M. Capeci to A. Soloway (Dec. 13, 2021) (Ex. 6).)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Bloom                                                                 3

2730(WHP)(MHD), 2011 WL 5129716, at *2 (S.D.N.Y. Oct. 28, 2011) (granting protective order for 30(b)(6) notice where party had deposed fact witnesses on same topics, describing as "a wasteful procedure").

For these reasons, Topics 4 and 6 are improper for proposed 30(b)(6) testimony. *Krasney* v. *Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164(JBA), 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) (disallowing 30(b)(6) deposition where the noticed deposition is "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information" (citation omitted)).

**Requested Protective Order as to Topics 3 and 5:**  Topics 3 and 5 request that Vanda produce a corporate representative to testify as to "[t]he identity and/or description of all persons involved in the marketing or promotion of" Fanapt® and Hetlioz®. (Ex. 1 at 4-5.) Plaintiff's stated purpose for this discovery is to investigate whether Defendants have proffered an appropriate list of document custodians (*see* Ex. 4).  These Topics, like Topics 4 and 6, are overbroad, untethered to the Off-Label Claim, and would be duplicative of other discovery including documents and fact depositions.  The deposition is also premature because it may be mooted by substantial completion of document production.

In addition, by seeking to explore the adequacy of Vanda's custodian proposal, Topics 3 and 5 are classic examples of "discovery on discovery," which generally is not permitted absent a factual basis to believe that the other party's document production is deficient.  *Freedman* v. *Weatherford Int'l Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 4547039, at *1-2 (S.D.N.Y. Sept. 12, 2014).  Rule 30(b)(6) topics seeking, among other things, "identities of custodians of relevant evidence" are "improper discovery on discovery." *Alley* v. *MTD Prods., Inc.*, No. 3:17-cv-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018).  Because this type of discovery is "collateral to the issues," the proponent "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request[.]"  *Winfield* v. *City of New York*, No. 15-cv-05236(LTS)(KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018).

There is no such basis here:  counsel have already engaged in lengthy and detailed discussions about the departments and individuals at Vanda who were involved in the allegedly improper sales practices for Fanapt® and Hetlioz® in order to arrive at the agreed-upon custodians, and Plaintiff has no reason to believe that this list of custodians is deficient.  Nor is it:  Vanda has agreed to custodians including the senior executives, national and regional sales directors, regional business leaders, and numerous sales representatives who oversaw and/or engaged in sales, as well as senior members of Vanda's HR and Finance departments. Moreover, should Plaintiff identify additional custodians as they review Defendants' productions, they are free to raise that issue at that time.  Simply because Plaintiff requested an additional 48 custodians to which Vanda did not agree does not entitle Plaintiff to take corporate testimony at this time—before substantial production has been completed—on the adequacy of Vanda's already-expansive custodian list.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Bloom                                                                          4

        For the foregoing reasons, Defendants respectfully request that the Court enter a protective order barring Plaintiff's proposed Rule 30(b)(6) deposition on Topic 3-6. We appreciate the Court's attention to this matter.

                                           Respectfully submitted,

                                           */s/ Audra J. Soloway*

                                           Audra J. Soloway

cc:      Counsel of record (via ECF)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP