# Exhibit 5

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3289

WRITER'S DIRECT FACSIMILE

(212) 492-0289

WRITER'S DIRECT E-MAIL ADDRESS

asoloway@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
GERALD BRANT
ROBERT A. BRITTON
DAVID W. BROWN
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS P. GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN

ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

December 9, 2021

**Via Email**

Michael G. Capeci, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747
mcapeci@rgrdlaw.com

*Gordon* v. *Vanda Pharmaceuticals Inc.*, Case No. 19-cv-01108-FB-LB (E.D.N.Y)

Dear Michael,

Further to our telephonic meet and confers on November 16, 2021 and November 18, 2021, we write concerning the Deposition Topics in Plaintiff's 30(b)(6) Deposition Notice to Vanda, served on November 1, 2021 (the "Topics"). We memorialize below the parties' positions and/or resolution for each of the Topics.

*Topic 1: Vanda's document retention, maintenance, preservation and destruction policies.*

**Response to Topic 1:** As we have explained on the calls, we object to this Topic because Vanda has no written policy governing document retention, maintenance, preservation and destruction, and in any event, this information can be

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

provided by Vanda without the need for burdening a deposition witness. Plaintiff suggested that Plaintiff is prepared to accept a declaration or other verified information on behalf of Vanda in lieu of a deposition on this Topic. You also asked specifically about Vanda's practices for preservation of e-mails, and we explained our understanding that Vanda's system preserves e-mails indefinitely. To satisfy this request, Vanda proposes to provide a verified interrogatory response describing its document retention, maintenance, preservation and destruction practices, including an explanation as to whether individual user deletion practices impact retention of e-mails (in response to your specific question), in lieu of a witness to testify at a deposition on this Topic. Please confirm that this resolves all issues with respect to Topic 1.

*Topic 2:* *All steps taken and efforts made by Defendants, on their behalf or at their request, to search for, identify, preserve, restore, collect, review and produce all documents, data compilations (including electronically stored data), and tangible objects that are in the custody and control of Vanda potentially relating to this Action, the allegations in the Complaint, or that are potentially responsive to Lead Plaintiff's First Request for Production of Documents to all Defendants, dated May 14, 2021, and Lead Plaintiff's First Set of Interrogatories to all Defendants, dated May 14, 2021.*

**Response to Topic 2:** We objected to this Topic as seeking "discovery on discovery" that is disfavored by courts and is generally not permitted absent an adequate factual basis to believe that the current production is deficient. *Freedman* v. *Weatherford Int'l Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 4547039, at *1–2 (S.D.N.Y. Sept. 12, 2014); *see also Winfield* v. *City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) ("When the discovery sought is collateral to the relevant issues (*i.e.*, discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'"). Defendants have made only limited rolling document productions thus far, and Plaintiff has raised no reason to believe that Defendants' collection and production efforts are deficient. *See 246 Sears Road Realty Corp.* v. *Exxon Mobil Corp.*, No. 09-CV-889 (NGG) (JMA), 2011 WL 13254283, at *4 (E.D.N.Y. Apr. 1, 2011) (denying request were "plaintiff fail[ed] to offer anything more than hypothetical inferences in support of its claim that defendant has engaged in the sort of misconduct that would merit discovery on discovery" and noting that such discovery "would only further needlessly delay" the case). In addition, since the parties are still negotiating the scope of document production, this Topic is premature.

If Plaintiff has specific questions about Vanda's current and future efforts to respond to Plaintiffs' document requests, we stand ready to respond to them, and we will also agree to identify in the cover letters accompanying our forthcoming productions the source of the documents being produced. Please confirm that this will resolve all issues with respect to Topic 2.

2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

*Topic 3:*  *The identity and/or description of all persons involved in the marketing or promotion of Fanapt; and*

*Topic 5:*  *The identity and/or description of all persons involved in the marketing or promotion of Hetlioz.*

**Response to Topics 3 and 5:**  We objected to these Topics as seeking unwarranted "discovery on discovery" because they are intended to identify custodians with documents relevant to Plaintiff's claims concerning Fanapt and Hetlioz.  *See e.g.*, *Alley* v. *MTD Prods., Inc.*, No. 3:17-cv-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018) (concluding that 30(b)(6) topics seeking, among other things, "identities of custodians of relevant evidence" were "improper discovery on discovery").  Counsel has already engaged in lengthy and detailed negotiations to address relevant custodians for purposes of document review and production, including production of Vanda's organization charts and discussion of the 113 employees identified from those charts that Plaintiff requested as document custodians.  It was only after engaging in that process that Plaintiff served this Deposition Notice, "to obtain a full understanding of those persons who may have information relevant to Plaintiff's claims."  (Email from M. Capeci (Nov. 1, 2021).)

While we remain willing to answer any additional questions you may have regarding whether certain individuals were involved in the marketing or promotion of Fanapt and Hetlioz, Vanda does not agree to provide a witness to testify on these Topics. Unless Plaintiff is prepared to reach some compromise, we intend to move the Court for a protective order barring a Rule 30(b)(6) deposition on these Topics.

*Topic 4:*  *The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding the marketing or promotion of Fanapt; and*

*Topic 6:*  *The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding the marketing or promotion of Hetlioz.*

**Response to Topics 4 and 6:**  We objected to these Topics on numerous grounds.  To ascertain the identity and description of "all regularly scheduled meetings, discussions, conference calls, presentations, trainings or reviews" regarding "marketing and promotion" of Fanapt and Hetlioz – a task that is likely impossible to do – would be extremely burdensome.  In order to attempt to prepare a Rule 30(b)(6) witness on these Topics, Defendants' counsel would need to conduct a review of the relevant documents (which we have already agreed to produce) to identify all instances of such meetings, discussions, conference calls, presentations, trainings, or reviews, try to piece together, years afterwards, the subjects discussed during these events, and then prepare a chronology for the 30(b)(6) witness to read into the record at a deposition.  Such an exercise is unduly burdensome, and the cost of such an exercise is unjustified.  Further, to the extent that there were key meetings, discussions, calls, presentations and trainings that pertain to the alleged off-label marketing, Plaintiff will obtain those materials in both

3

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

the forthcoming document production and depositions.  *Krasney* v. *Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164(JBA), 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) (recognizing that a 30(b)(6) deposition should not be permitted where the noticed deposition is "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information" (quoting *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996)); *see also City of New York* v. *Fedex Ground Package Sys. Inc.*, No. 13 Civ. 9173 (ER), 2016 WL 1718261, at *12 (S.D.N.Y. Apr. 27, 2016) (granting motion for protective order where a topic's "relevance is outweighed by the undue burden the [party] would face if forced to prepare a 30(b)(6) witness to testify as to this unduly broad request").  Defendants have already agreed to produce documents relevant to these Topics, and Plaintiff will have the opportunity to depose fact witnesses with direct knowledge on these Topics as well.  Defendants are also willing to discuss whether that forthcoming deposition testimony could be designated as corporate testimony (subject to appropriate limitations on the breadth and scope of these Topics as drafted).

Accordingly, Vanda does not agree to provide a 30(b)(6) witness to testify on these Topics and will move the Court for a protective order unless Plaintiff wishes to discuss this further.

**Topic 7:**  *For the time period of September 1, 2016 to the present, the identity and/or description of all persons involved in Vanda's efforts to obtain FDA approval for Tradipitant to treat Gastroparesis, Study 2301, Study 2302, any Non-Rodent Toxicity Study for Tradipitant, and/or any Clinical Trial Hold for Tradipitant;*

**Topic 8:**  *For the time period of September 1, 2016 to the present, the identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding Vanda's efforts to obtain FDA approval for Tradipitant to treat Gastroparesis, Study 2301, Study 2302, any Non-Rodent Toxicity Study for Tradipitant, and/or any Clinical Trial Hold for Tradipitant; and*

**Topic 9:**  *For the time period of September 1, 2016 to the present, the identity and/or description of all persons involved in Vanda's decision to initiate the FDA Litigation.*

**Response to Topics 7, 8, and 9:**  We raised the same objection to Topics 7 and 9 as we raised with respect to Topics 3 and 5.  Similarly, we raised the same objections to Topic 8 that we raised in response to Topics 4 and 6.  You explained that Topics 7, 8, and 9 are intended to serve the same purposes as Plaintiff's Interrogatory No. 1, which requested that Defendants identify individuals "responsible for communicating with the FDA regarding any Clinical Trial Hold on Tradipitant and any Non-Rodent Toxicity Study for Tradipitant."  We previously agreed that, in response to Interrogatory No. 1, Defendants will produce communications with the FDA concerning any clinical trial hold on Tradipitant and/or any non-rodent toxicity study for Tradipitant, which will allow Plaintiff to identify all individuals from Vanda who communicated with the FDA on these subjects.  You offered to withdraw this Topic if Defendants will produce the agreed upon documents reasonably quickly.  We will agree to frontload these documents

4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

in our document review and production, and expect to be able to substantially complete production of these documents by January 1, 2022. Please confirm that this resolves all issues with respect to Topics 7, 8, and 9.

**Topic 10:** *Defendants' document productions and/or document collection efforts in response to any lawsuit involving, or investigation or inquiry by, any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative, pertaining to Fanapt, Hetlioz and/or Tradipitant, including, but not limited to, the FDA Litigation and the Qui Tam Litigation.*

**Response to Topic 10:** Not only is this Topic another instance of "discovery on discovery," but Vanda objects to the breadth and relevance of this Topic, which far exceeds the scope of issues in this litigation. In addition, Defendants have already agreed to produce responsive documents from Vanda's productions in the Qui Tam Action and the FDA Litigation.

On our call, Plaintiff clarified that this Topic is intended to identify whether any government regulator has investigated Vanda for alleged conduct at issue in this lawsuit (namely, the partial clinical hold on tradipitant or the alleged off-label marketing practices), and whether Vanda produced documents in connection with such investigation. We have identified one such instance: In connection with the Qui Tam Action, the DOJ made an inquiry prior to its decision not to intervene in that action, in response to which Vanda produced certain documents. Defendants will agree to produce the documents provided to the DOJ in response to this inquiry, if Plaintiff agrees that this will resolve Topic 10.

\*\*\*\*\*

We believe that this addresses all open issues raised during our meet and confer discussions regarding Plaintiff's 30(b)(6) Deposition Notice to Vanda.

Sincerely,

*/s/ Audra J. Soloway*

Audra J. Soloway

5