# Exhibit 6

**Robbins Geller**
**Rudman & Dowd** LLP

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Michael G. Capeci
MCapeci@rgrdlaw.com

December 13, 2021

<u>VIA EMAIL</u>

Audra J. Soloway, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

      Re:    *Gordon v. Vanda Pharmaceuticals Inc.*,
              <u>Case No. 1:19-cv-01108-FB-LB (E.D.N.Y.)</u>

Dear Audra:

We write in response to your letter dated December 9, 2021 regarding the deposition topics in Plaintiff's November 1, 2021 FRCP 30(b)(6) deposition notice that were discussed during the parties' November 16, 2021, and November 18, 2021 meet and confers. Reserving all rights, please find Plaintiff's responses and positions below. To be clear, any acceptance by Plaintiff of an offer made by Defendants should not be construed as Plaintiff's agreement or acquiescence to the arguments made by Defendants. We remain generally available to meet and confer with you this week regarding these responses and positions.

**Topic No. 1:** Plaintiff accepts Defendants' offer to "provide a verified interrogatory response describing [Vanda's] document retention, maintenance, preservation and destruction practices, including an explanation as to whether individual user deletion practices impact retention of e-mails" and will propound a second set of interrogatories to Defendants by December 17, 2021.

**Topic No. 2:** Plaintiff accepts Defendants' offer "to identify in the cover letters accompanying [Defendants'] forthcoming productions the source of the documents being produced" and reserves all rights to revisit this issue going forward in this litigation.

**Topic Nos. 3-6:** For the reasons previously provided, Plaintiff continues to believe that Topic Nos. 3-6 are appropriate for corporate testimony in this litigation. The identity of relevant individuals and meetings regarding the marketing or promotion of Fanapt and Hetlioz is important information not only for identifying custodians, but also so Plaintiff can obtain a full and complete understanding of how Vanda effectuated the marketing of these two drugs. It is much less burdensome to ascertain this information through a FRCP 30(b)(6) deposition than to depose countless current and former employees of Vanda – the only acceptable alternative for Plaintiff.

**Robbins Geller
Rudman & Dowd** LLP

Audra J. Soloway, Esq.
December 13, 2021
Page 2

Likewise, Defendants' position on Topic Nos. 3-6 is troubling because in May 2021, Plaintiff proposed a reasonable number of depositions for this litigation – fifty – but, to-date Defendants have not provided a counter-proposal other than to argue that this number is too high. Setting aside whether Defendants' objection is reasonable, Defendants cannot, on the one hand, argue that a FRCP 30(b)(6) deposition is untenable because it would require preparation of a FRCP 30(b)(6) deponent on issues that implicate many current and former Vanda employees, and, on the other hand, take the position that only a few depositions are needed in this litigation.

If Defendants continue to maintain their view that a protective order is necessary, Plaintiff requests that Defendants make their motion by the end of this week (December 17, 2021); otherwise, please let us know when Vanda is prepared to produce deponents for Topic Nos. 3-6. If the parties cannot reach an agreement on scheduling a FRCP 30(b)(6) deposition for these topics by that time, Plaintiff intends to move to compel Defendants' testimony on Monday, December 20.

**Topic Nos. 7-9:** Plaintiff accepts Defendants' offer "to substantially complete production of [the documents responsive to Interrogatory No. 1] by January 1, 2022" and requests that the production be made in compliance with FRCP 33(d)(1).

**Topic No. 10:** Plaintiff accepts Defendants' offer "to produce the documents provided to the DOJ in response to this inquiry" if Defendants will commit to producing such documents as a standalone production by no later than January 7, 2022.

Very truly yours,

*/s/ Michael G. Capeci*

MICHAEL G. CAPECI

MC:am

cc:    David A. Rosenfeld, Esq. (via email)
       Avital O. Malina, Esq. (via email)
       Justin D. Ward, Esq. (via email)
       Emily M. Miller, Esq. (via email)