**Robbins Geller Rudman & Dowd LLP**

<table>
<tr><td>Boca Raton</td><td>Melville</td><td>San Diego</td></tr>
<tr><td>Chicago</td><td>Nashville</td><td>San Francisco</td></tr>
<tr><td>Manhattan</td><td>Philadelphia</td><td>Washington, D.C.</td></tr>
</table>

Michael Capeci
MCapeci@rgrdlaw.com

January 4, 2022

VIA ECF

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Gordon v. Vanda Pharms. Inc.*, No. 1:19-cv-01108-FB-LB

Dear Judge Bloom:

We write on behalf of Plaintiff[1] in opposition to Defendants' December 20, 2021 letter motion for a protective order as to Topics 3-6 in Plaintiff's November 1, 2021 Rule 30(b)(6) Deposition Notice ("Def. Mot."). *See* ECF No. 78. The Off-Label Claim centers on false and misleading statements to investors regarding an alleged company-wide off-label marketing scheme for Vanda's two FDA-approved drugs – Fanapt® and Hetlioz®. *See* ECF No. 29 at ¶¶28-186. Notwithstanding that the Complaint details that this alleged scheme involved dozens of Vanda employees (*id.*), and that Plaintiff's initial disclosures listed 37 relevant Vanda employees then-known to Plaintiff,[2] Defendants' initial custodian proposal for these allegations comprised only nine individuals (ECF No. 78-4 at 13), excluding many of the Vanda employees listed in the Complaint.

After reviewing the 298 Vanda organizational charts produced by Defendants, Plaintiff countered with a narrowly tailored list of 80 custodians. ECF No. 78-2. After further negotiations, Plaintiff provisionally agreed to 32 custodians for the Off-Label Claim, subject to Defendants' agreement to provide Rule 30(b)(6) testimony on Topics 3 and 5 to corroborate the representations they made for why certain custodians were not involved in Defendants' alleged fraud or would only provide information duplicative of other custodians. Def. Mot. at 2; ECF No. 78-4 at 1-3. In addition, to maximize the utility of this Rule 30(b)(6) deposition, Plaintiff also requested Topics 4 and 6 to better ascertain how Fanapt and Hetlioz were marketed by Vanda during the Class Period.

---

[1]    All capitalized terms have the same meanings used in Defendants' letter dated December 20, 2021. ECF No. 78.

[2]    A true and correct copy of Plaintiff's May 20, 2021 Initial Disclosure Statement is attached hereto as Exhibit A.

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Lois Bloom
January 4, 2022
Page 2

Rule 30(b)(6) testimony is the most efficient mechanism for obtaining the information sought in Topics 3-6 from Vanda. *See Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4558405, at *3 (E.D.N.Y. Sept. 21, 2018) ("There is a discernable preference in the case law of this Circuit to allow a litigant the opportunity to bind a corporate entity through Rule 30(b)(6) testimony."); *see also EEOC v. Grace Episcopal Church of Whitestone, Inc.*, 2012 WL 13085406, at *5 (E.D.N.Y. Mar. 7, 2012) ("Rule 30(b)(6) was intended to 'curb the bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of relevant facts.'") (citation omitted). But such "bandying" is precisely what Defendants propose as an alternative to a Rule 30(b)(6) deposition – having Plaintiff depose multiple fact witnesses to ascertain information that Vanda is best suited to provide. *See* ECF No. 78-5. As this Court has recognized, this tactic undermines the purpose of Rule 30(b)(6). *See Morel v. Reed*, 2013 WL 12129656, at *2-*3 (E.D.N.Y. Oct. 2, 2013) (Bloom, J.) (permitting Rule 30(b)(6) deposition after each fact witness was deposed and disclaimed any knowledge of the information sought by the plaintiff). Moreover, Defendants object to providing Rule 30(b)(6) testimony while simultaneously refusing to respond to Plaintiff's position that at least 50 depositions are needed in this litigation. *See* ECF No. 78-6 at 3.[3] If Defendants seriously believe that less than 50 depositions are necessary, they should be embracing – not attacking – Plaintiff's Rule 30(b)(6) deposition efforts.

**Topics 4 & 6 Are Appropriate.** Plaintiff's request for corporate testimony is proportional to the Off-Label Claim, which credibly alleges a diffuse off-label marketing scheme disseminated through regular meetings, conference calls, and trainings. *See, e.g.*, ECF No. 29 at ¶¶77-78, 82-94, 108-10, 117, 129-40, 163-66, 170-71. Ignoring these allegations, Defendants primarily argue that Vanda cannot provide the information sought in Topics 4 and 6. Def. Mot. at 2. This rests upon a fundamental misunderstanding of Topics 4 and 6, which seek the identity of "regularly scheduled meetings . . . [etc.]" related to the marketing of Fanapt and Hetlioz (ECF No. 78-1 at 4-5), ***not*** "all Vanda meetings at which marketing and promotion generally were discussed[.]" Def. Mot. at 2. Because Topics 4 and 6 are limited to "regularly scheduled" events, Defendants' relevance and burden arguments lack credulity because this information should be easily accessible to Vanda.

Indeed, it is troubling that Defendants are representing that it is impossible to "recreate this chronology" (*id.*), as the phrase "regularly scheduled" necessarily implicates events that should be readily reflected in Vanda's records. Likewise, Defendants cannot escape that the scope of the Off-Label Claim involves an off-label marketing scheme that allegedly has taken place for years. *Id.* Finally, Topics 4 and 6 are not duplicative of other discovery. *See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2013) ("'[A] party should not be

---

[3]    Although Defendants agreed to negotiate with Plaintiff on the appropriate number of depositions for this litigation by their substantial completion deadline of January 28, 2022 (ECF No. 65 at 10), such efforts have not yet been made.

Robbins Geller
Rudman & Dowd LLP

The Honorable Lois Bloom
January 4, 2022
Page 3

prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar'" to other forms of discovery) (citation omitted).  Thus, Plaintiff should not be barred from corporate testimony on Topics 4 and 6 merely because Defendants will "produce fact witnesses on this subject."  Def. Mot. at 2.[4]  As courts in this Circuit recognize, and as here, "[a] fact witness is an inappropriate witness for the questions Plaintiff seeks to ask" when a plaintiff is seeking information about a corporation's official policies or procedures.  *Schoolcraft v. City of N.Y.*, 2014 WL 3952905, at *3 (S.D.N.Y. Aug. 12, 2014); *see also In re Evenstar Master Fund SPC*, 2021 WL 3829991, at *15 (S.D.N.Y. Aug. 27, 2021) ("[C]ourts within this Circuit permit Rule 30(b)(6) depositions even when the anticipated testimony would 'essentially duplicate information which has already been stated in an individual deposition.'") (citation omitted).

**Topics 3 & 5 Are Appropriate.** The identity of those Vanda employees involved in the marketing of Fanapt and Hetlioz is highly relevant information that Vanda is best suited to articulate.  Setting aside that the parties' custodian negotiations prompted this request, having knowledge of these individuals will save Plaintiff substantial effort and expense in fact discovery by learning from Vanda who the pertinent individuals are for the Off-Label Claim.  Defendants cite no authority for their view that Plaintiff must accept their counsel's word for it.  *See* Def. Mot. at 2 ("Defendants' counsel . . . explained to Plaintiff why many of the custodians proposed by Plaintiff would ***not likely*** possess any relevant information[.]") (emphasis added).  To the contrary, Plaintiff is entitled to ***Vanda's*** testimony on which employees were involved in the Off-Label Claim – basic, yet crucial information that will facilitate discovery in this litigation.  *See Schoolcraft*, 2014 WL 3952905, at *3.  Moreover, this is not a "classic example[] of 'discovery on discovery'" (Def. Mot at 3),[5] but is instead the type of information that Rule 30(b)(6) is designed to elicit from a corporate deponent.  *See EEOC*, 2012 WL 13085406, at *5; *Rubie's Costume*, 2018 WL 4558405, at *3-*4.

---

[4]    Defendants inaccurately describe *Presse v. Morel*, 2011 WL 5129716 (S.D.N.Y. Oct. 28, 2011), the case they principally rely upon in wrongly arguing that Rule 30(b)(6) testimony is impermissible in lieu of fact witness testimony. Def. Mot. at 2-3.  The actual holding in *Presse* was that previous fact depositions should "be deemed also to constitute Rule 30(b)(6) testimony of AFP and hence binding on the company" because the only possible corporate deponents were the individuals previously deposed.  2011 WL 5129716, at *1-*2.

[5]    *Alley v. MTD Prods., Inc.*, 2018 WL 4689112 (W.D. Pa. Sept. 28, 2018), the out-of-Circuit authority Defendants mainly cite for their "discovery on discovery" argument (Def. Mot. at 3), describes this concept as impermissible discovery on the processes used by a party to collect responsive documents. 2018 WL 4689112, at *2.  Defendants fail to explain how the identities of individuals involved in the Off-Label Claim implicate Vanda's "discovery processes." *Id.*  While *Alley* does mention in passing the "identities of custodians of relevant evidence" as an example of discovery on discovery, that is not what Topics 3 and 5 seek.  *See* ECF No. 78-1 at 4-5 ("The identity and/or description of all persons involved in the marketing or promotion of Fanapt" and "Hetlioz").  Moreover, the focus of the Rule 30(b)(6) deposition notice in *Alley* was on document storage and retention practices (2018 WL 4689112, at *2), Topics that are not at issue on this motion.  For these reasons, *Alley* provides no reason to issue a protective order for Topics 3 and 5.

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Lois Bloom
January 4, 2022
Page 4

Respectfully submitted,

*/s/ Michael G. Capeci*

MICHAEL G. CAPECI

cc: All Counsel of Record (via ECF)