# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— x

KENNETH GORDON, Individually and on : Case No. 1:19-cv-01108-FB-LB
Behalf of All Others Similarly Situated, :
                                         :
                                         : CLASS ACTION
                                         :
                    Plaintiff,           :
                                         :
                                         :
        vs.                              :
                                         :
                                         :
VANDA PHARMACEUTICALS INC.,              :
MIHAEL H. POLYMEROPOULOS, JAMES          :
P. KELLY, GIAN PIERO REVERBERI, AND      :
THOMAS E. GIBBS,                         :
                                         :
                                         :
                    Defendants.          :
                                         :
—————————————————————— x

**PLAINTIFF'S CORRECTED INITIAL DISCLOSURE STATEMENT**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) AND 26(e)(1)(A)**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26(a)(1) and 26(e)(1)(A) and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's order dated April 26, 2021, lead plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiff") submits this corrected initial disclosure statement.

In providing these initial disclosures, Plaintiff is not identifying documents protected from disclosure by an applicable privilege, nor does it waive in any respect the right to object to discovery requests propounded by defendants Vanda Pharmaceuticals, Inc. ("Vanda" or the "Company") and/or Mihael H. Polymeropoulos ("Polymeropoulos," and together, "Defendants"). These initial disclosures are based upon information reasonably available to Plaintiff at this time. Plaintiff has not yet completed its investigation of this case and discovery may reveal additional documents, individuals and/or entities likely to have discoverable information that Plaintiff may use to support its claims. Plaintiff incorporates by reference herein any other individuals and entities identified by any other party to this litigation. Additionally, Plaintiff reserves the right to amend or supplement these initial disclosures if and when Plaintiff obtains supplemental information, in accordance with Rule 26(e) or as otherwise appropriate. Plaintiff provides contact information where known but does not make representations as to the accuracy of the information, particularly with respect to any third parties.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION, PURSUANT TO RULE 26(a)(1)(A)(i)

The following individuals and entities likely have discoverable information that supports the claims alleged in this matter:

1. Plaintiff, who has information concerning its purchases and/or sales of Vanda common stock from November 4, 2015 to February 11, 2019, inclusive (the "Class Period"). Plaintiff may be contacted via the undersigned counsel.

2.      Plaintiff's money manager, Rothschild & Co., which transacted in Vanda common stock on Plaintiff's behalf during the Class Period, and is likely to have discoverable information concerning Plaintiff's purchases and/or sales of Vanda common stock during the Class Period. Rothschild & Co. may be contacted at 1251 Avenue of the Americas, New York, NY 10020, (212) 403-3500.

3.      Plaintiff's investment consultant, Segal Marco Advisors, which is likely to have discoverable information concerning Plaintiff's purchases and/or sales of Vanda common stock during the Class Period.  Segal Marco Advisors may be contacted at 550 W. Washington Blvd., Suite 900, Chicago, IL 60606, (312) 575-9000.

4.      Plaintiff's custodial bank, Comerica Bank, which is likely to have discoverable information concerning Plaintiff's purchases and/or sales of Vanda common stock during the Class Period.  Comerica Bank may be contacted at 411 W. Lafayette, Detroit, MI 48226, (313) 222-1212.

5.      Other members of the putative class, who have information concerning their purchases and/or sales of Vanda common stock during the Class Period, and who may possess other information potentially relevant to the claims alleged in the Amended Complaint for Violations of the Federal Securities Laws, dated July 23, 2019 (the "Complaint") (ECF No. 29).

6.      Vanda, whose corporate headquarters is located at 2200 Pennsylvania Avenue NW, Suite 300E, Washington D.C. 20037, which, upon information and belief, has knowledge of its business, operations, financial information, marketing or promotion of Fanapt and Hetlioz, and clinical trials for tradipitant, as well as information relevant to the allegations of the Complaint.

7.      Defendant Polymeropoulos, who, upon information and belief, has knowledge of Vanda's business, operations, financial information, marketing or promotion of Fanapt and

- 2 -

Hetlioz, and clinical trials for tradipitant, as well as information relevant to the allegations of the Complaint.

8.    Current officers, directors and/or employees of Vanda, who have knowledge of Vanda's business, operations, financial information, marketing or promotion of Fanapt and Hetlioz, and clinical trials for tradipitant, as well as information relevant to the allegations of the Complaint, and whose identities may not yet be known to Plaintiff, but includes Aranthan Jones II (Chief of Corporate Affairs and Communications Officer), Changfu Xiao (Head of Biometrics), Chris Hansen (Senior Regional Sales Director), Christine Sario-Valdes (National Sales Director), Deepak Phadke (Vice President of Manufacturing), Gunter Birznieks (Senior Vice President, Business Development), Jesse Carlin (Clinical Project Lead), Joakim Wijkstrom (Senior Vice President, Chief Marketing Officer), Kevin Moran (Senior Vice President, Chief Financial Officer and Treasurer), Rose Lieberman (Clinical Scientist), Scott Grontkowski (Senior Territory Manager), Scott Howell (Chief People Officer), Tim Williams (Senior Vice President, General Counsel and Secretary), Thomas Watkins (Chairman of the Board of Directors), and Tom Griffin (Vice President of Sales), whose contact information is presumably in Vanda's possession.

9.    Former officers, directors and/or employees of Vanda, whose contact information is presumably in Vanda's possession, including, but not limited to:

(a)    Andrew VanNess, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(b)    Brandy Barrington, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(c)    Carrie O'Donoghue, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(d)    Charles Rathmann, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(e)    Colleen Jones, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(f)    Dallas Medenwald, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(g)    Darrel Link, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(h)    David James, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(i)    Dewey McLin, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(j)      Gian Piero Reverberi, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(k)      Gertie Kass, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(l)      Hilary O'Keefe, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(m)      James P. Kelly, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(n)      Jeff Bourgeois ("Bourgeois"), who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.[1]

(o)      Jennifer Hedden, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

---

[1]    Upon information and belief, Bourgeois can be contacted through his attorneys, The Weiser Law Firm, P.C., Christopher L. Nelson, 22 Cassatt Avenue, Berwyn, PA 19312, and Stone & Magnanini LLP, Robert A. Magnanini, 100 Connell Drive, Suite 2200, Berkeley Heights, NJ 07922.

(p)    Jill Wilcox, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(q)    Jillian Alvarez, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(r)    Kate Arnold, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(s)    Kate Holland, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(t)    Keith Krzywiecki, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(u)    Kelley Johnson, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(v)    Kerstin Nerath, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(w) LaShonda Harris, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(x) Lisa Vierra, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(y) Madison Keefe, who may have knowledge and information regarding Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(z) Megan Renfro, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(aa) Michael Noel, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(bb) Paolo Baroldi, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(cc) Pete Morrison, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(dd)    Richard Gardner ("Gardner"), who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.[2]

(ee)    Richard Gulino, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; Vanda's clinical trials for tradipitant; communications with analysts; and the allegations made in the Complaint.

(ff)    Rosanna Abella, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(gg)    Scott Davis, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(hh)    Tammy Stefan, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(ii)    Thomas E. Gibbs, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

(jj)    Toni Klopfenstein, who may have knowledge and information regarding Vanda's marketing of Fanapt and/or Hetlioz; communications with analysts; and the allegations made in the Complaint.

---

[2]    Upon information and belief, Gardner can be contacted through his attorneys, The Weiser Law Firm, P.C., Christopher L. Nelson, 22 Cassatt Avenue, Berwyn, PA 19312, and Stone & Magnanini LLP, Robert A. Magnanini, 100 Connell Drive, Suite 2200, Berkeley Heights, NJ 07922.

(kk)     Unknown former Regional Business Leaders at Vanda.

(ll)     Unknown former Fanapt sales representatives at Vanda.

(mm)   Unknown former Hetlioz sales representatives at Vanda.

(nn)    Unknown former employees involved in clinical trials or regulatory approval for tradipitant.

10.     Global Pharma Strategies, Inc., including its President and Managing Partner Paul Ramirez, which may have knowledge and information concerning Vanda's clinical trials for tradipitant; Vanda's marketing or promotion of Fanapt and Hetlioz; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

11.     The U.S. Food and Drug Administration, which may have knowledge and information concerning Vanda's clinical trials for tradipitant; Vanda's marketing or promotion of Fanapt and Hetlioz; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

12.     Novartis Pharma AG, which may have knowledge and information concerning Vanda's marketing or promotion of Fanapt; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

13.     Titan Pharmaceuticals, which may have knowledge and information concerning Vanda's marketing or promotion of Fanapt; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

14.     Sanofi, S.A. ("Sanofi"), which may have knowledge and information concerning Vanda's marketing or promotion of Fanapt; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

15. Bristol-Myers Squibb Company, which may have knowledge and information concerning Vanda's marketing or promotion of Hetlioz; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

16. Eli Lilly and Company ("Eli Lilly"), which may have knowledge and information concerning Vanda's clinical trials for tradipitant; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

17. National Sleep Foundation or OneCare Media, which may have knowledge and information concerning Vanda's marketing or promotion of Hetlioz; the statements and omissions of fact alleged in the Complaint; and other matters that may be relevant to the allegations of the Complaint.

18. Vanda's auditors, including, but not limited to, PricewaterhouseCoopers LLP, which may have knowledge and information concerning Vanda's business, operations, and disclosure practices and policies.

19. Securities analysts who, upon information and belief, at any relevant time, monitored, reported on, or otherwise evaluated the business, operations or financial performance of Vanda and/or interacted with Vanda's management, including, but not limited to:

(a) Brean Capital, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Difei Yang.

(b) Cantor Fitzgerald & Co., and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Pete Stavropoulos.

(c)      Citigroup, Inc., and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Joel Beatty and Shawn Egan.

(d)      H.C. Wainright & Co., and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Corey Davis.

(e)      Jefferies, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Chris Howerton and Matthew Andrews.

(f)      JMP Securities, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Jason Butler and Douglas Buchanan.

(g)      Marcus Aurelius Value and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period.

(h)      Morningstar, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Stefan Quenneville.

(i)      Oppenheimer & Co., and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Esther Rajavelu and Christopher Liu.

(j)      Piper Jaffray, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Josh Schimmer, Steven Breazzano, Charles Duncan, and Sarah Weber.

(k)     Stifel Nicolaus, and its affiliates, together with any individuals who reported on or hosted Vanda for all, or part, of the Class Period, including the following: Derek Archila.

20.     Vanda's former, current and potential customers, whose identities are known to Defendants, and are likely to have information concerning the allegations in the Complaint.

21.     Vanda's competitors, including, but not limited to, Alkermes, Inc., AstraZeneca PLC, Eli Lilly, Merck & Co., Pfizer Inc., and Sanofi, who are likely to have information concerning the allegations in the Complaint.

22.     Other individuals and entities whose identities are presently unknown but will likely be identified during the course of discovery, who, upon information and belief, will have knowledge or information concerning the subject matter of this action, including the allegations of the Complaint.

## II.     DESCRIPTION OF DOCUMENTS WITHIN PLAINTIFF'S POSSESSION, PURSUANT TO RULE 26(a)(1)(A)(ii)

Plaintiff may use documents concerning Plaintiff's purchases and/or sales of Vanda common stock, which are in its possession, custody and control, to support its claims in this action.

In addition, Plaintiff may use certain publicly-available documents, including documents filed by Vanda with the SEC, related press releases and other communications issued by Vanda, documents filed on the public dockets of *Vanda Pharmaceuticals, Inc. v. FDA*, No. 1:19-cv-00301-JDB (D.D.C.) and *Gardner v. Vanda Pharmaceuticals, Inc.*, No. 1:17-cv-00464-APM (D.D.C.), and other publicly available reports generated by the media and other non-parties concerning Vanda and its business, operations, financial information, marketing of Fanapt and Hetlioz, and clinical trials for tradipitant.

Plaintiff also reserves its right to use any and all documents produced by any party or non-party in this action.

- 12 -

### III.    COMPUTATION OF CATEGORIES OF DAMAGES, PURSUANT TO RULE 26(a)(1)(A)(iii)

Any computation or estimate of damages is premature at this stage and subject to expert input and analysis. Nevertheless, Plaintiff seeks, or intends to seek, compensatory damages, as well as pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs and expenses, none of which can be computed or estimated at this time.

Plaintiff reserves the right to supplement this disclosure and will make expert disclosure pursuant to Rule 26(a)(2) at the appropriate time, consistent with the parties' Joint 26(f) Report.

### IV.    PRODUCTION OF ANY INSURANCE AGREEMENT THAT MAY BE USED TO SATISFY ALL OR PART OF A JUDGMENT, PURSUANT TO RULE 26(a)(l)(A)(iv)

This provision of Rule 26(a) is inapplicable to Plaintiff. Plaintiff, therefore, does not possess any insurance agreement subject to disclosure pursuant to Rule 26(a)(l)(A)(iv).

DATED: May 20, 2021                    ROBBINS GELLER RUDMAN & DOWD LLP
                                       DAVID A. ROSENFELD
                                       MICHAEL G. CAPECI
                                       AVITAL O. MALINA


                                            */s/ Michael G. Capeci*
                                       MICHAEL G. CAPECI

                                       58 South Service Road, Suite 200
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)
                                       drosenfeld@rgrdlaw.com
                                       mcapeci@rgrdlaw.com
                                       amalina@rgrdlaw.com

                                       *Lead Counsel for Lead Plaintiff*

- 13 -