# EXHIBIT I

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3289

WRITER'S DIRECT FACSIMILE

(212) 492-0289

WRITER'S DIRECT E-MAIL ADDRESS

asoloway@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT A. BRITTON
DAVID W. BROWN
WALTER BROWN*-
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*-
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG

DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*-
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN POLLET*-
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
-ADMITTED ONLY TO THE CALIFORNIA BAR

July 23, 2021

**Via Email**

Michael G. Capeci, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747
mcapeci@rgrdlaw.com

  *Gordon* v. *Vanda Pharmaceuticals Inc.*, Case No. 19-cv-01108-FB-LB (E.D.N.Y)

Dear Michael,

   We write to respond to questions or issues you raised during our telephonic meet and confers on June 24, 2021, July 1, 2021 and July 2, 2021 concerning Defendants' Responses and Objections (the "R&Os") to Plaintiff's First Set of Requests for the Production of Documents (the "Requests").

   **Definition of "Senior Management":** You raised a concern with Defendants' objection to the definition of "Senior Management" and Defendants' limitation of responses to Requests concerning "Senior Management" to address Vanda's executive officers. Defendants disagree that the individuals included in Plaintiff's definition constitute Vanda's "Senior Management." For purposes of responding to the Requests only, however, Defendants will interpret requests concerning "Senior Management" as seeking information regarding Mihael H. Polymeropoulos, James P.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Kelly, Gian Piero Reverberi, Thomas E. Gibbs, David James, Tom Griffin, Paolo Baroldi, Richard Gulino, and Paul Ramirez.

**Fanapt and Hetlioz Relevant Time Period:** You raised a concern with Defendants' limitation of the Fanapt and Hetlioz Relevant Time Period to October 4, 2015 to February 25, 2019, and requested that the Fanapt and Hetlioz Relevant Time Period begin on January 1, 2015 with an end date to be determined on a request-by-request basis.

Regarding start date, reserving all rights to object to the January 1, 2015 start date proposed by Plaintiff, Defendants propose to collect electronic custodial data beginning on January 1, 2015 as requested by Plaintiff, and, after running searches, we can determine whether the inclusion of this additional time period before the putative class period imposes an undue burden and expense, or whether further refinement of this time period is necessary.

Regarding end date, Defendants maintain that February 25, 2019 is a reasonable end date for the Fanapt and Hetlioz Relevant Time Period. Plaintiff suggested that this issue may be resolved by identifying very specific searches and issues where additional, more recent searches are merited. We are prepared to discuss reasonable exceptions on a request-by-request basis, and we can discuss any such exceptions in connection with our discussions of custodian and search term parameters.

**Tradipitant Relevant Time Period:** You raised a concern with Defendants' limitation of the Tradipitant Relevant Time Period to May 15, 2018 to February 19, 2019, and requested that the Tradipitant Relevant Time Period begin on September 1, 2016, with an end date to be determined on a request-by-request basis. Defendants will agree to begin the Tradipitant Relevant Time Period on September 1, 2016. Defendants maintain that February 19, 2019 is a reasonable end date for the Tradipitant Relevant Time Period, but (as noted above) we are prepared to discuss reasonable exceptions on a request-by-request basis.

**Request No. 1:** You asked whether Vanda Pharmaceuticals Inc. is the only Vanda entity. We confirm that Vanda Pharmaceuticals Inc. is the only Vanda entity relevant to the allegations in the Complaint. Vanda maintains subsidiary entities only for the purposes of conducting business outside of the United States, and those subsidiary entities are not involved in the U.S. sales and marketing of Fanapt and Hetlioz, nor are they involved in the clinical development of Tradipitant.

**Request No. 4:** You asked whether Defendants would produce all documents concerning meetings of Vanda's board of directors, executive officers, and management at the level below executive officers concerning the subject matters at issue in Plaintiffs' other requests. Unlike Board materials, non-Board level documents are not able to be collected from a central repository. For such management meetings, Defendants will produce documents responsive to any other Request to which Defendants have agreed to respond, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the applicable Relevant Time Period.

2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

**Request No. 6:** You asked whether Defendants would produce documents sufficient to identify the duties, responsibilities, and length of service of GPS or Paul Ramirez that can be collected without the use of search terms. We confirm that Defendants will attempt to locate and produce such documents without the use of search terms. You further asked whether any individuals from GPS other than Paul Ramirez provided services to Vanda. To Vanda's knowledge, only Paul Ramirez, and no other employee of GPS, provided services to Vanda.

**Request No. 7:** You asked whether Defendants would produce documents concerning compensation for senior sales managers. We confirm that we would consider documents sufficient to show the compensation structure for senior sales manages during the Fanapt and Hetlioz Relevant Time Period responsive to this Request.

**Request No. 8:** You asked whether Defendants would produce documents concerning any Non-Rodent Toxicity Study for Tradipitant (and not only Study 2301 and 2302, which are addressed in the Complaint). Reserving all rights, Defendants believe that this issue can be resolved by producing documents concerning any Non-Rodent Toxicity Study for Tradipitant for the time period September 1, 2016 through February 19, 2019, identified through a reasonable search using search parameters to be agreed upon by the parties. Please confirm that this resolves all outstanding issues with respect to Request No. 8, as well as any other Request for which Defendants had agreed to produce documents concerning the FDA's request that Vanda conduct a Non-Rodent Toxicity Study for Tradipitant.

**Request No. 9:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 9, apart from any documents that are produced in response to other Requests to which Defendants have agreed to respond, and asked whether Defendants would produce any non-privileged documents concerning Vanda's decision to initiate the FDA Litigation. Reserving all rights, Defendants believe that this issue can be resolved by agreeing to produce any non-privileged, non-work product communications among non-lawyers concerning Vanda's decision to initiate the FDA Litigation, identified through a reasonable search using search parameter to be agreed upon by the parties and during the Tradipitant Time Period. Defendants will not agree—as Request No. 9 seems to require—to conduct targeted searches for privileged and work product documents with in-house and external counsel concerning the decision to initiate the FDA Litigation. We can discuss how to approach these searches in connection with our discussions of custodian and search term parameters.

**Request No. 15:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 15. We confirm that we would consider documents concerning any Non-Rodent Toxicity Study for Tradipitant that involve Eli Lilly during the Tradipitant Relevant Period, if any exist, as responsive to the Requests, which should address your concern.

**Request No. 18:** You raised a question regarding Defendants' limitation of their response to Request No. 18 to documents "concerning Vanda's decision to expand the Fanapt sales team to the extent relevant to the allegedly unlawful marketing

3

and promotion of Fanapt and Hetlioz alleged in the Complaint." Because only the marketing practices alleged in the Complaint are relevant to Plaintiff's claims, Defendants will not agree to produce documents that relate to all marketing in response to this Request irrespective of whether the document relates to Plaintiffs' allegations. We can discuss how to approach searches for documents concerning the relevant marketing practices in connection with our discussions of custodian and search term parameters.

Defendants believe that this issue can be resolved with respect to Request No. 18 by producing documents concerning Vanda's decision to expand the Fanapt sales team that are otherwise responsive to any other Request to which Defendants have agreed to respond, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the Fanapt and Hetlioz Relevant Time Period. Please confirm that this resolves all outstanding issues with respect to Request No. 18.

**Request Nos. 19 and 20:** You raised a question regarding Defendants' limitation of their response to Request Nos. 19 and 20 to documents document "prepared for, in connection with, used during, or generated at the November 2015 or 2018 Meeting concerning the allegedly unlawful marketing and promotion of Fanapt or Hetlioz alleged in the Complaint." Defendants believe that this issue can be resolved by producing documents prepared for, in connection with, used during, or generated at the November 2015 or 2018 Meeting that are otherwise responsive to any other Request to which Defendants have agreed to respond, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the Fanapt and Hetlioz Relevant Time Period. Please confirm that this resolves all outstanding issues with respect to Request Nos. 19 and 20.

**Request No. 21:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 21. Defendants maintain that Vanda's arbitration proceeding against Novartis is not relevant to this case. Given lack of relevance and the confidential nature of the arbitration proceeding, Defendants do not believe they should be required to produce documents in response to this Request.

**Request No. 24:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 24. We confirm that, during the Fanapt and Hetlioz Relevant Time Period, Vanda purchased ICD-9 Data from two vendors: IQVIA/IMS Health and Symphony. Data provided by both vendors is subject to contractual confidentiality restrictions that prohibit disclosure to third parties. Accordingly, Defendants did not agree to produce ICD-9 Data in response to Request No. 24.

**Request No. 29:** You raised a concern regarding Defendants' proposal to use search terms to identify documents sufficient to show how sales targets were calculated and revised, and asked whether Defendants would produce any such documents that are maintained in a central repository. We confirm that Defendants will attempt to locate and produce documents sufficient to show how sales targets were calculated and revised from a central location without the use of search terms.

4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

**Request Nos. 33 and 34:** You narrowed Request No. 33 to seek documents sufficient to show the volume of Fanapt and Hetlioz prescriptions in Sales Territories, and asked whether Defendants would agree to produce such documents. You further asked whether Veeva CRM includes information that would not be covered by Defendants' response to Request No. 33. We confirm that Defendants will attempt to locate and produce documents sufficient to show the volume of Fanapt and Hetlioz prescriptions in Sales Territories without the use of search terms, however we are continuing to investigate the appropriate system through which this data can be generated. As to Fanapt, we believe that we will be able to produce documents sufficient to show revenue from product sales in Sales Territories. With respect to Hetlioz, we believe that we will be able to produce documents sufficient to show the number of prescriptions sold (excluding confidential patient information) in Sales Territories.

**Request No. 36:** You raised a concern regarding Defendants' limitation of their response to Request No. 36 to documents "concerning the purported promotion of Fanapt for once-daily dosing alleged in the Complaint." We confirm that we would consider documents concerning whether Fanapt should be promoted for once- or twice-daily dosing as responsive to this Request.

**Request No. 38:** You raised a concern regarding Defendants' limitation of their response to Request No. 38 to documents "concerning the purported promotion of Fanapt as a first line treatment as alleged in the Complaint." We confirm that we would consider documents concerning whether Fanapt should be promoted as a first- or second-line treatment as responsive to this Request.

**Request Nos. 39 and 43:** You raised a concern regarding Defendants' limitation of their response to Request No. 39 to documents "sufficient to show the policies and procedures conveyed to sales representatives or RBLs applicable to promotion and marketing of Fanapt" and to Request No. 43 to documents "sufficient to show the policies and procedures conveyed to sales representatives or RBLs applicable to promotion and marketing of Hetlioz," and asked specifically whether we would produce communications between Vanda's compliance department and sales representatives concerning whether sales reports comply with Vanda policies and procedures or with FDA rules governing promotion and marketing. Defendants confirm that they will produce such documents, which should resolve all outstanding issues with respect to Request Nos. 39 and 43.

**Request No. 46:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 46, and narrowed the request to documents concerning communications with the National Sleep Foundation. Reserving all rights, Defendants believe that this issue can be resolved by producing communications with the National Sleep Foundation concerning how Non-24 is diagnosed, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the Fanapt and Hetlioz Relevant Time Period. Please confirm that this resolves all outstanding issues with respect to Request No. 46.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

**Request No. 47:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 47. Reserving all rights, Defendants believe that this issue can be resolved by producing documents and communications from or provided to Vanda's sales team concerning how to diagnose Non-24, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the Fanapt and Hetlioz Relevant Time Period. Please confirm that this resolves all outstanding issues with respect to Request No. 47.

**Request No. 49:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 49. Reserving all rights, Defendants believe that this issue can be resolved by producing documents reflecting Vanda's knowledge, if any, as to how many sighted people in the world have Non-24, identified through a reasonable search using search parameters to be agreed upon by the Parties and during the Fanapt and Hetlioz Relevant Time Period. Please confirm that this resolves all outstanding issues with respect to Request No. 49.

**Request No. 53:** You clarified that Request 53 seeks documents sufficient to identify any holder, purchaser, or seller of Vanda common stock during the Class Period. We confirm that Defendants will attempt to locate and produce such documents, if any exist, as responsive to this Request.

**Request No. 56:** You raised a concern regarding Defendants' limitation of their response to Request No. 56 to documents sufficient to show the basis and terms of the departures of the individuals named in the Request, and requested that Defendants leave this request open so that you can identify additional individuals of interest. In connection with their supplemental response to Interrogatory No. 7, Defendants have agreed to produce a list of all employees who departed Vanda from January 1, 2015 to March 5, 2020. Defendants will not agree to produce *all* documents concerning employee departures; however, we understand that Plaintiff is reserving rights to seek additional documents upon further investigation.

**Request No. 57:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 57. Reserving all rights, Defendants believe that this issue can be resolved by agreeing to produce any non-privileged, non-work product communications among non-lawyers concerning any investigation or disciplinary action related to the allegations in the Complaint, the Qui Tam Litigation, or the FDA Litigation that are otherwise responsive to any other Request to which Defendants have agreed to respond. Defendants will not agree to targeted searches for privileged and work product documents with in-house and external counsel concerning any such investigation or disciplinary action. Please confirm that this resolves all outstanding issues with respect to Request No. 57.

**Request No. 63:** You raised a concern regarding Defendants' limitation of their response to Request No. 63 to documents concerning communications "with media, public relations firms, or to the public regarding the allegedly unlawful marketing and promotion of Fanapt or Hetlioz, or the FDA's request for a Non-Rodent Toxicity Study for Tradipitant." Plaintiff offered to limit its broad request, but asked that Defendants

6

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

include sales targets among the topics of responsive communications, which Defendants will agree to include to fully resolve any open issues with this Request No. 63.

**Request No. 66:** You raised a concern regarding Defendants' refusal to produce documents in response to Request No. 66. We confirm that we would consider documents concerning any of the alleged misstatements alleged in the Complaint that are otherwise responsive to any other Request to which Defendants have agreed to respond as responsive to this Request. We can discuss how to approach these searches in connection with our discussions of custodian and search term parameters.

**Request No. 70:** You raised a concern regarding Defendants' limitation of their response to Request No. 70 to the Primary Policy and Side A excess Policy identified in Defendants' initial disclosures, and requested that Defendants produce the full tower of insurance policies. We confirm that we will produce the full tower of relevant insurance policies in response to this Request.

**Request No. 71:** You clarified that Request No. 71 seeks communications concerning any potential issues relating to insurance coverage for this action. We confirm that, to Vanda's knowledge, no such communications exist. We will update our response to this Request to the extent that any such communications occur in the future.

We believe that this resolves all open issues or questions you raised during our meet and confer discussions regarding Defendants' Responses and Objection to Plaintiff's First Set of Requests for the Production of Documents.

Sincerely,

*/s/ Audra J. Soloway*

Audra J. Soloway