UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ─────────────────────── x | | |
| KENNETH GORDON, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-01108-FB-LB |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | STIPULATION AND AGREEMENT OF SETTLEMENT |
| vs. | : | |
| | : | |
| VANDA PHARMACEUTICALS, INC., and MIHAEL H. POLYMEROPOULOS, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ─────────────────────── x | | |

4867-8866-9982.v2

This Stipulation and Agreement of Settlement dated as of May 5, 2022 (the "Stipulation" or the "Settlement"), is made and entered into by and among: (i) Teamsters Local Union No. 727 Pension Fund ("Lead Plaintiff" or "Plaintiff"), on behalf of itself and each of the putative Class Members; and (ii) Defendants Vanda Pharmaceuticals, Inc. ("Vanda" or the "Company") and Mihael H. Polymeropoulos, M.D. (collectively, "Defendants"), by and through their counsel of record in the above-captioned litigation ("Litigation"). The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

WHEREAS:

A.     On February 25, 2019, the initial complaint in this case, captioned *Gordon v. Vanda Pharmaceuticals Inc., et al.*, No. 1:19-cv-01108, was filed in the United States District Court for the Eastern District of New York and the case was ultimately assigned to the Honorable Frederic Block. The Complaint asserted claims for alleged violations of the Securities Exchange Act of 1934 (the "Exchange Act").

B.     On May 24, 2019, the Court appointed Teamsters Local Union No. 727 Pension Fund to serve as lead plaintiff.

C.     On July 23, 2019, Plaintiff filed an Amended Complaint ("Complaint"), which is the operative complaint. Like the initial complaint, the Complaint asserted claims for alleged violations of the Exchange Act against Vanda and certain of its current and former executives.

D.     On March 23, 2020, Defendants moved to dismiss the Complaint, which the parties fully briefed.

4867-8866-9982.v2

E.      On March 10, 2021, the Court granted Defendants' motion in part and denied it in part, dismissing claims against three former Vanda executives who were named as defendants in the Complaint and sustaining claims against Vanda and Dr. Polymeropoulos.

F.      Thereafter, the parties diligently pursued discovery, including the production of approximately 494,000 pages of documents and the completion of four depositions.

G.      On October 29, 2021, Plaintiff filed its motion for class certification, which motion is fully briefed and pending oral argument.

H.      After mediation before Jed D. Melnick, Esq., a nationally recognized mediator, the Settling Parties have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation.

I.      Plaintiff is entering into this Stipulation based on its belief that the terms of the Settlement are fair, reasonable and adequate and in the best interests of Lead Plaintiff and the Class Members.  Defendants have determined that it is desirable and beneficial that the Litigation be finally and fully settled in the manner and upon the terms and conditions set forth in the Stipulation.

J.      The terms of this Stipulation shall not be deemed to constitute an admission (a) by Lead Plaintiff as to the lack of merit of any of Lead Plaintiff's claims or (b) by Defendants as to the lack of merit of any defenses or affirmative defenses.

IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the various commitments contained herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

- 2 -

1.      **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2      "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc.

1.3      "Class" means, for purposes of this Settlement only, all persons and entities who purchased or otherwise acquired Vanda common stock between November 4, 2015 and February 11, 2019, inclusive, and who were allegedly damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Vanda at all relevant times, members of their immediate families, any entity in which any Defendant has or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

1.4      "Class Period" means the period from November 4, 2015 to February 11, 2019, inclusive.

1.5      "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.6      "Defendants" means Vanda and Mihael H. Polymeropoulos.

1.7      "Defendants' Counsel" means the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP.

1.8      "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9      "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.10     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, payments to Lead Plaintiff for its time and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

- 4 -

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747.

1.13    "Lead Plaintiff" means Teamsters Local Union No. 727 Pension Fund.

1.14    "Litigation" or "Action" means the civil action captioned *Gordon v. Vanda Pharmaceuticals, Inc., et al.*, No. 1:19-cv-01108-FB-LB (E.D.N.Y.).

1.15    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Lead Plaintiff, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.16    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.18    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.19    "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions, controlling persons, associates, entities and affiliates and the respective present and former employees, members, partners, principals, officers, directors,

controlling shareholders, agents, attorneys, advisors, accountants, auditors, consultants, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

1.20    "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiffs' Claims as set forth below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign statutory or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to:  (i) the purchase or acquisition of the common stock of Vanda during the Class Period; and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action.  Released Claims does not include claims to enforce the Settlement.

1.21    "Released Persons" means each and all of the Defendants and their Related Parties.

1.22    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Counsel, and each and every plaintiff, Class Member, and counsel to any plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, accountants, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their

- 6 -

immediate family members.  Releasing Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

1.23    "Settlement Amount" means Eleven Million Five Hundred Thousand Dollars ($11,500,000.00) in cash to be paid by wire transfer or check sent by overnight mail to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.24    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.25    "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

1.26    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.27    "Unknown Plaintiffs' Claims" means any Released Claims which Lead Plaintiff, Class Members, or Releasing Plaintiff Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members and Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

- 7 -

The Lead Plaintiff shall expressly waive and each of the Class Members and Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff, Class Members, and Releasing Plaintiff Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member and Releasing Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members and Releasing Plaintiff Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential element of the Settlement of which this release is a part.

1.28    "Unknown Defendants' Claims" means claims referenced in ¶4.4 below which Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class Members, and Lead Plaintiff's counsel which, if known by him, her, or it, might have affected his, her or its settlement with and release of Lead Plaintiff, Class Members, and Lead Plaintiff's counsel.  With respect to any and all such claims, the Settling Parties stipulate and agree

- 8 -

that, upon the Effective Date, Defendants shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, quoted above, as well as any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the claims referenced in ¶4.4 below, but Defendants shall expressly release any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

1.29    "Vanda" means Vanda Pharmaceuticals, Inc.

**2.    The Settlement**

**a.    The Settlement Amount**

2.1    Other than as set forth in ¶2.2 below, the obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment becoming Final; and (b) in full and final disposition of the Litigation and settlement of all Released Claims subject to the terms and conditions set forth herein.

2.2    Defendants shall cause their directors and officers liability insurance carriers (the "D&O Insurers") to pay the Settlement Amount by wire transfer or check sent by overnight mail in accordance with instructions to be provided by the Escrow Agent within fourteen (14) calendar days after the later of: (a) the entry of an order granting preliminary settlement approval; and (b)

- 9 -

the receipt of complete payment instructions and tax information.  Alternatively, if the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel has provided such written notice.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3     The Settlement Amount paid by Defendants' D&O Insurers is the sole monetary responsibility under this Stipulation, and Class Members who do not timely seek to exclude themselves from the Class shall not look to any of the Defendants or their respective Released Persons for satisfaction of any and all Released Claims.  The Defendants are not responsible for payment of Notice and Administration Expenses as defined below, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants and Released Persons shall have no obligation to make any other payments into the Escrow Account, to any Class Member or to Plaintiff pursuant to the Stipulation.

### b.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

4867-8866-9982.v2

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.9     Prior to the Effective Date and without further order of the Court, up to Two Hundred Fifty Thousand Dollars ($250,000) of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

2.10    It shall be Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Other than as set forth in ¶9.8, Defendants and Released Persons shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.     Taxes

2.11    (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance

with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court

- 13 -

and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

### d.      Termination of Settlement

2.12     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of

the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiff's request for an award in connection with its representation of the Class.

**4.     Releases**

4.1     Upon the Effective Date, Lead Plaintiff shall, and each and every of the Class Members and Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons (including Unknown Plaintiffs' Claims), whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Class Members, Releasing Plaintiff Parties and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

- 15 -

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

4.5     Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both

- 16 -

known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

**5.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay the Taxes and Tax Expenses described in ¶2.11 hereof;

(c)      to pay attorneys' fees and expenses of counsel for the Lead Plaintiff (the "Fee and Expense Award"), and to pay an award to Lead Plaintiff in connection with its representation of the Class, if and to the extent allowed by the Court; and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3      After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit

- 17 -

to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who files a Proof of Claim and Release shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

5.5     All Members of the Class (except Persons who request exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.6     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than fourteen (14) days prior to the Settlement Hearing.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release or a Request for Exclusion within the applicable period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

- 18 -

5.8     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the Humane Society.

5.9     The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.11 hereof; and the Class Members, Releasing Plaintiff Parties, Lead Plaintiff, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10     No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

- 19 -

by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein.

### 6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business days from receiving notice from the Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus

- 20 -

interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Lead Counsel agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Lead Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to plaintiffs' counsel or Lead Plaintiff.

6.6    Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount has been deposited into the Escrow Account;

- 21 -

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof, substantially in the form set forth in Exhibit A attached hereto;

(c)     the Court has granted final approval to the Settlement as described herein, following notice to the Class and a hearing, as required by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Defendants shall have the option to terminate the Settlement in the event that Class Members representing more than a certain percentage of Vanda common shares subject to this Settlement exclude themselves from the Class in accordance with the Notice, as set forth in a confidential separate agreement (the "Supplemental Agreement") to be executed between the Lead Plaintiff and Defendants, by and through their counsel, concurrently with this agreement.  The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and

- 22 -

Defendants concerning its interpretation or application. If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on the docket. If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal or with the percentage redacted.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.9 and 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and 2.11 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

7.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 16, 2022. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.29, 2.9-2.12, 6.3-6.4, 7.4-7.6, 8.1 and 9.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or

- 23 -

reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of plaintiffs' counsel or award to the Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any expenses already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.4 hereof.

7.7     Defendants warrant and represent that they are not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and will not be as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation. This representation is made by Defendants and not by Defendants' Counsel.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Plaintiff, as to that Defendant for whom the transfer was voided, the Settlement may be terminated and the Judgment entered in favor of that Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect.

- 24 -

Alternatively, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Lead Plaintiff and the Members of the Class shall be restored to their litigation positions as of March 16, 2022, and the Settlement Fund shall be promptly returned.

### 8.    No Admission of Wrongdoing

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants;

(b)    shall be referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than in such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff

- 25 -

or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(d)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(e)     shall be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and

- 26 -

the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Lead Plaintiff and its counsel and the Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.   The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

- 27 -

9.6     Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached thereto, the terms of this Stipulation shall prevail.

9.8     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein.  Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. § 1715(b) and for all expenses and costs related thereto.

9.9     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.11    Other than the Supplemental Agreement, this Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

- 28 -

Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

9.12    Lead Counsel, on behalf of the Class, is expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.14    The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient or by email, (ii) one (1) business day after being sent to the recipient by UPS overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

**_If to Plaintiff or Lead Counsel:_**

ROBBINS GELLER RUDMAN
   & DOWD LLP
MICHAEL G. CAPECI
mcapeci@rgrdlaw.com
58 South Service Road, Suite 200
Melville, NY  11747

- 29 -

*If to Defendants' Counsel:*

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
AUDRA J. SOLOWAY
asoloway@paulweiss.com
EMILY M. MILLER
emiller@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019

9.16    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.17    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.  Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between all parties

and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.22    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.23    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

DATED: May 5, 2022                    ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                      SAMUEL H. RUDMAN
                                      DAVID A. ROSENFELD
                                      MICHAEL G. CAPECI


                                      _____
                                            MICHAEL G. CAPECI

                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)
                                      srudman@rgrdlaw.com
                                      drosenfeld@rgrdlaw.com
                                      mcapeci@rgrdlaw.com

                                      Lead Counsel for Lead Plaintiff

- 31 -

DATED: May 5, 2022

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
DANIEL J. KRAMER
AUDRA J. SOLOWAY

_____
AUDRA J. SOLOWAY

1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  212/373-3000
dkramer@paulweiss.com
asoloway@paulweiss.com

Attorneys for Defendants

- 32 -