UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

KENNETH GORDON, Individually and on            :    Civil Action No. 1:19-cv-01108-FB-LB
Behalf of All Others Similarly Situated,       :
                                               :    CLASS ACTION
                              Plaintiff,        :
                                               :    DECLARATION OF ROBERT J. LAINO IN
        vs.                                     :    SUPPORT OF MOTION FOR FINAL
                                               :    APPROVAL
VANDA PHARMACEUTICALS, INC., and               :
MIHAEL H. POLYMEROPOULOS,                       :
                                               :
                              Defendants.        :
                                               :
———————————————————— x

I, ROBERT J. LAINO, declare as follows:

1.      I am the Fund Manager for Teamsters Local Union No. 727 Pension Fund ("Lead Plaintiff" or "Teamsters").  On behalf of Teamsters, I oversee the litigation activities of Lead Counsel Robbins Geller Rudman & Dowd LLP ("Lead Counsel" or "Robbins Geller") in the above-captioned case (the "Litigation").

2.      I respectfully submit this declaration in support of Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Teamsters' representation of the Class.  I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

3.      Teamsters understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with investment losses to manage and direct securities fraud class actions.  In seeking appointment as lead plaintiff, Teamsters understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation. Lead Plaintiff vigorously prosecuted this Litigation on behalf of the Class for more than three years. Teamsters agreed to settle the Litigation only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of an $11,500,000 recovery.

4.      From Lead Plaintiff's appointment onward, Teamsters was kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller concerning the litigation strategy in connection with discovery, class certification, and the potential resolution of the Litigation.  As Lead Plaintiff, among other things, Teamsters: (i) engaged in numerous meetings, phone conferences, and correspondence with Robbins Geller; (ii) reviewed pleadings and briefs; (iii) reviewed detailed correspondence

concerning the status of the Litigation; (iv) identified and provided relevant documents and information during the discovery process; (v) prepared for and provided deposition testimony in connection with Teamsters' motion for class certification; (vi) consulted with Robbins Geller regarding litigation and settlement strategy; and (vii) participated in and was kept informed about the mediation and settlement negotiations.

5.     In particular, during the discovery process, I, along with William Coli, the former Fund Manager of Teamsters who I replaced upon his retirement in 2021, spoke with Robbins Geller attorneys and worked with staff members at Teamsters to search for documents and information relevant to the Litigation.

6.     Lead Plaintiff also worked closely with Robbins Geller to prepare for and provide deposition testimony in connection with Teamsters' motion for class certification.  In that regard, I met in-person with Robbins Geller attorneys in November 2021 to prepare for my deposition as Teamsters' representative, and subsequently sat for my remote deposition.

7.     Over the course of the Litigation, I and Mr. Coli met and spoke with Robbins Geller regularly to discuss the status of the Litigation and Lead Counsel's prosecution strategy, including the potential for a settlement of the Litigation.  I reviewed materials submitted by the parties to the mediator, remotely participated during the full-day mediation, and engaged in follow up conversations with Robbins Geller in order to maximize the outcome for Class Members.

8.     Teamsters has evaluated the significant risks and uncertainties of continuing this Litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Robbins Geller to settle this Litigation for $11,500,000.  Mindful of these risks and uncertainties, Teamsters believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

9.      While Teamsters recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Robbins Geller's request for attorneys' fees of one-third of the Settlement Amount and expenses of $179,885.92, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Robbins Geller's diligent and aggressive prosecutorial efforts.

10.     Teamsters' employees have collectively expended approximately 118.5 hours on the prosecution of this Litigation, which would otherwise have been focused on daily business activities of Teamsters. This estimate is based on Teamsters' records, as well as Robbins Geller's records of communicating with me and Mr. Coli. Based on the amount of time Lead Plaintiff expended in representing the interests of Class Members in connection with this Litigation, at an average hourly rate of $85.00, Teamsters believes that an award of $10,000 is reasonable and appropriate.

11.     Teamsters respectfully requests that the Court grant final approval of the Settlement, approve Robbins Geller's motion for an award of attorneys' fees and expenses, and award Teamsters $10,000 for its time expended in representing the Class in this Litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this **22nd** day of November, 2022, at Park Ridge, Illinois.

_____
ROBERT J. LAINO

- 3 -

CERTIFICATE OF SERVICE

I, Michael G. Capeci, hereby certify that on December 1, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*s/ Michael G. Capeci*
MICHAEL G. CAPECI