UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ――――――――――――――――――――――――― x<br><br>KENNETH GORDON, Individually and on<br>Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>   vs.<br><br>VANDA PHARMACEUTICALS, INC., and<br>MIHAEL H. POLYMEROPOULOS,<br><br>                Defendants.<br>――――――――――――――――――――――――― x | : Civil Action No. 1:19-cv-01108-FB-LB<br>:<br>: <u>CLASS ACTION</u><br>:<br>:<br>: REPLY MEMORANDUM OF LAW IN<br>: FURTHER SUPPORT OF: (1) LEAD<br>: PLAINTIFF'S MOTION FOR FINAL<br>: APPROVAL OF CLASS ACTION<br>: SETTLEMENT AND APPROVAL OF PLAN<br>: OF ALLOCATION; AND (2) LEAD<br>: COUNSEL'S APPLICATION FOR AN<br>: AWARD OF ATTORNEYS' FEES AND<br>EXPENSES AND AN AWARD TO LEAD<br>PLAINTIFF PURSUANT TO 15 U.S.C. §78u-<br>4(a)(4) |

4885-0092-1925.v1

Lead Plaintiff Teamsters Local Union No. 727 Pension Fund, on behalf of itself and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of: (i) Lead Plaintiff's motion for final approval of the Settlement and approval of the Plan of Allocation; and (ii) Lead Counsel's application for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).[1]

## I.    INTRODUCTION

The proposed Settlement resolves this Litigation in its entirety in exchange for a cash payment of $11,500,000. As detailed in Lead Plaintiff's and Lead Counsel's opening final approval papers (ECF 104), the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations, and represents a very favorable result for the Class in light of the substantial challenges that Lead Plaintiff would have faced in proving liability and damages.

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing over 35,100 copies of the Notice and the Proof of Claim and Release form ("Claim Form") (together, "Notice Package") to potential Class Members and nominees. In response to this notice program, no Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application. In addition, there have been only three requests for exclusion from the Settlement from individual investors. As explained further below, the reaction of the Class further demonstrates that

---

[1]    All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement (ECF 96) and the Declaration of Michael G. Capeci in Support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Application for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4). ECF 104-3. Citations are omitted and emphasis is added throughout unless otherwise noted.

4885-0092-1925.v1

the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and award to Lead Plaintiff are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE MOTIONS

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the motions is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the lack of any objections from the Class and only three opt-outs from individual investors provides additional support for approval of the motions.

Pursuant to the Court's Preliminary Approval Order, more than 35,100 copies of the Notice Package have been mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Eric Blow Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Supp. Blow Decl."), ¶2, submitted herewith. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount and payment of litigation expenses in an amount not to exceed $250,000, plus interest on both amounts, and that Lead Plaintiff may seek an award in an amount not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. *See* Notice at 2.

The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Class, and the December 15, 2022 deadline for filing objections and for requests for exclusion. *See id.* at 3. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Package, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over the *PR Newswire*. *See* ECF 104-5 (Declaration of Eric Blow Regarding Notice

- 2 -

Dissemination, Publication, and Requests for Exclusion Received to Date), ¶13.  In addition, the Claims Administrator established a case-specific website that provided, and continues to provide, information and links to relevant documents.  *Id.*, ¶16.

As noted above, following this notice program, no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or fee and expense application.  Supp. Blow Decl., ¶7.  In addition, only three requests for exclusion from individual investors were received.  *Id.*, ¶6 (attaching the three requests for exclusion).

The absence of objections and few requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate.  Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry."  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at \*5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'"); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

In addition, no institutional investors have objected to the Settlement or have requested exclusion.  The absence of objections by these sophisticated Class Members is further evidence of the fairness of the Settlement.  *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup

- 3 -

stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported final approval of the settlement).

The lack of objections from institutional or retail Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's application for an award of attorneys' fees and expenses and an award to Lead Plaintiff. The absence of any objections to the requested fee and expenses and award to Lead Plaintiff supports a finding that these requests are fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (finding that the lack of any objection to the fee request supported its approval). In particular, the lack of any objections by institutional investors supports approval of the fee and expense request and award to Lead Plaintiff. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of the fee request because "the class

- 4 -

4885-0092-1925.v1

included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III.    CONCLUSION

For the foregoing reasons, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff respectfully requests that the Court approve the Settlement, the Plan of Allocation, and the request for fees and expenses and award to Lead Plaintiff.

DATED:  December 29, 2022            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MICHAEL G. CAPECI


                                            s/ Michael G. Capeci
                                         MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 5 -

CERTIFICATE OF SERVICE

I, Michael G. Capeci, hereby certify that on December 29, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*s/ Michael G. Capeci*
MICHAEL G. CAPECI
