UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| KENNETH GORDON, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-01108-FB-LB |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : | [PROPOSED] FINAL JUDGMENT AND |
| vs. | : | ORDER OF DISMISSAL WITH PREJUDICE |
|  | : |  |
| VANDA PHARMACEUTICALS, INC., and MIHAEL H. POLYMEROPOULOS, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated September 15, 2022, on the application of Lead Plaintiff for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of May 5, 2022 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.	This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference: (a) the Stipulation; and (b) the Notice, Summary Notice, and Declaration of the Claims Administrator filed with this Court on December 1, 2022. All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.	This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all persons and entities who purchased or otherwise acquired Vanda common stock between November 4, 2015 and February 11, 2019, inclusive, and who were allegedly damaged thereby. Excluded from the Class are: Defendants, the officers and directors of Vanda at all relevant times, members of their immediate families, any entity in which any Defendant has or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly

- 1 -

requested exclusion from the Class and are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.

4.      This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff Teamsters Local Union No. 727 Pension Fund as Class Representative for the Class and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class.

6.      The Notice of Pendency and Proposed Settlement of Class Action ("Notice") was provided to all Members of the Class who could be identified through reasonable effort.  The Notice provided the best form and method of notifying the Class of the pendency of the Litigation and the terms and conditions of the proposed Settlement, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange

- 2 -

Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

(a)    the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(d)    the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions; and

(e)    the Plan of Allocation treats Class Members equitably relative to each other.

8.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.    The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that:

(a)    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members and Releasing Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Plaintiffs' Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

(b)    Lead Plaintiff and all Class Members and Releasing Plaintiff Parties, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

(c)    Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

10.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or Lead Plaintiff expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

- 4 -

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.   The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $11,500,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation; (e) the Class Members for all matters relating to the Action; and (f) other matters related or ancillary to the foregoing.   The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to

participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications, including any awards to Lead Plaintiff, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

- 6 -

**EXHIBIT 1**

*Gordon v. Vanda Pharmaceuticals, Inc., et al.*,
Civil Action No. 1:19-cv-01108-FB-LB

**INDIVIDUALS WHO HAVE TIMELY AND VALIDLY
<u>REQUESTED EXCLUSION FROM THE CLASS</u>**

1. John and Marla Campbell
2. Connie McCall
3. George Brodbeck